[Crim. No. 8497.    Second Dist., Div. Three.    June 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT MICHAEL COLLINS, Defendant and Appellant.

Selma K. Ellner for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Robert Michael Collins was accused by information of burglary and by amendment of the information was also accused of receiving stolen property. In a jury trial he was convicted of burglary of the second degree and acquitted of having received stolen property. He was sentenced to state prison. He appeals from the judgment, and notices an appeal from an order denying his motion for new trial. The burglary consisted of breaking into a convertible

model of an automobile and removing and carrying away the top.

The points on appeal are (1) the undisputed evidence establishes the defendant's innocence; (2) the district attorney was without authority to amend the information to include a charge of receiving stolen property in the absence of a commitment for that offense; (3) it was error to quash a subpoena issued upon request of defendant; (4) error was committed in the reception and rejection of evidence; (5) there was a deprivation of full cross-examination of a prosecuting witness; (6) the state failed to call important witnesses, to the prejudice of defendant; and (7) error was committed in the court's refusal to give defendant's instruction on the defense of alibi. We do not find any of these assignments of error to be sustainable.

The sufficiency of the evidence to support the verdict will appear from the following statement: January 31, 1962, Wallace H. Tallant, a police officer, owned a 1958 Corvette convertible with a top held on by three bolts. At about 2 p.m., January 31st, he parked the car about a block from the police station and when he returned at about 11 p.m. that day he found the top to be missing. A window on the driver's side was shattered. February 2, Tallant bought another top from Harry Mann Chevrolet and had it installed on the car. Tallant did not examine the top until he reached home that evening and then discovered from identifying marks on the top that he had purchased the identical top that had been taken from his car. Michael Di Guiro had sold Tallant the car a few months before the theft occurred. A few days after the top was stolen, Di Guiro examined the top at Tallant's request and identified it as the one that was on the car he had sold to Tallant. There was no evidence that Tallant did not buy his own car top.

There was evidence that Collins sold the stolen top to the Mann agency at about noon on February 1st for $100. He gave a bill of sale and received a check, both dated January 31st.

Collins testified that on January 28th he bought the top for $25 from a stranger who accosted him while he was driving with a friend. He did not ask the stranger whether the top had been stolen. He knew similar tops cost about $130. Two days after he bought the top he sold it to Harry Mann Chevrolet for $100. He signed his own name to the bill of sale with the license number of his car. Miss Borzage was

riding with him when he bought the top. Defendant's testimony as to the circumstances of the purchase was corroborated by the testimony of Miss Borzage. She testified that she went to dinner with defendant the evening of January 31st, and that defendant told her he had cashed a check he received for the sale of the top.

It is argued that the district attorney was without authority to amend the information to add a charge of the receipt of stolen property when defendant had not been committed for that offense. ■ Section 739 of the Penal Code requires that the district attorney shall file an information charging the offense for which the accused has been committed or any other offense shown by the evidence taken before the magistrate to have been committed. It is valid procedure. (*People v. Bird,* 212 Cal. 632 [300 P. 23].)

■ Defendant did not object to the amendment of the information or ask for a continuance and thereby waived the right to assert error. (*People v. Walker,* 170 Cal.App.2d 159 [338 P.2d 536]; *People v. Severino,* 122 Cal.App.2d 172 [264 P.2d 656].)

The evidence at the preliminary hearing justified the addition of a count charging the receipt of stolen property. It rendered it less likely that defendant would be convicted of burglary. He would have been better off if he had been convicted upon count II of receiving stolen property, the maximum punishment for which is 10 years in state prison (Pen. Code, § 496), whereas the maximum punishment for burglary of the second degree is 15 years (Pen. Code, § 461).

■ Doris Ream, office manager of the Harry Mann Chevrolet Company, testified for the People. She produced a check for $100 that had been given Collins by the company and testified that although it was dated January 31st, it was issued February 1st, and that the January 31st date was a mistake made by another girl in the office. The witness testified that occasionally a transaction completed on the first day of a month would be entered on the books as of the last day of the preceding month.

Anticipating that Mrs. Ream would testify to the foregoing facts, defendant's attorney had a subpoena issued for the production of the agency's records of "all cash receipts, cash disbursements, inventory accounts, merchandise purchased and sold in 1961 and 1962." The district attorney moved to quash the subpoena. The motion was resisted upon the ground that the records were necessary to enable defendant's

attorney to cross-examine Mrs. Ream with respect to her testimony that transactions were sometimes backdated a day or two to indicate they had occurred in the previous month. The motion to quash was granted. The theory of the defense was that if the records failed to reveal any other transaction that had been backdated, doubt would cast upon the accuracy of Mrs. Ream's testimony that the check to Collins had been issued February 1st, therefore, it would follow that the top purchased by Mann about noon January 31st could not have been the one that was stolen after 6 p.m. that day. It was not error to quash the subpoena. The district attorney stated to the court that he had been informed by Mrs. Ream that the records called for would amount to two truck loads. To require their production and use in the cross-examination of Mrs. Ream would have been a gross imposition upon the agency, a waste of the court's time, and an attempt to impeach a witness upon an immaterial matter. And if it could have been shown that other transactions had not been backdated that fact would not have constituted evidence that Mann did not buy the top that was stolen from Tallant's car.

■ Officer Stockdale testified that he conversed with Collins while he was in custody and that Collins stated that when he bought the top he had a feeling it was "hot." Admission of this testimony and the officer's notes and police report is assigned as error for the reason that it was admitted "without establishing the voluntary nature of the admission." The officer testified that the statements of Collins were made freely and voluntarily; the notes and police report were admitted without objection except for the statement of defendant's attorney "I will object to the introduction of these two."

■ Defendant offered, and the court refused, an instruction on the defense of alibi which stated, in effect, that proof that defendant was not at the place where the burglary occurred at the time it occurred would be a complete defense. In view of the evidence and the instructions on the burden of proof and reasonable doubt, it was not error to refuse the instruction. The jurors did not need to be told that if it was proved that defendant bought the top from the stranger he could not be convicted of burglary. In view of the evidence that the top was stolen the evening of January 31st, that defendant sold it February 1st and claimed to have purchased it from a stranger January 28th, the only reasonable conclusion was that he stole it.

There are no other points of sufficient importance to require discussion.

The judgment is affirmed. The purported appeal from the order denying a new trial is dismissed.

Ford, J., and Files, J., concurred.