Filed 3/17/15  P. v. Edwards CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LAIRD JOSEPH EDWARDS,<br><br>Defendant and Appellant. | C074630<br><br>(Super. Ct. No. 12SCR07919) |

Defendant Laird Joseph Edwards was charged by complaint with receiving stolen property (marijuana plants) (Pen. Code, § 496, subd. (a); unless otherwise stated, statutory section references that follow are to the Penal Code; count I), two counts of resisting an officer with force or violence (§ 69), [count III (Officer Kuwata), count IV (Deputy Rasmussen)], and two counts of deterring and preventing an officer from performing his or her duties with force or violence (§ 69) [count V (Officer Kuwata), count VI (Deputy Rasmussen)].  It was further alleged that defendant had a prior strike conviction and had served a prior prison term.

Defendant waived his right to a preliminary hearing and the complaint was deemed an information.  Defendant waived his right to a jury trial, requesting a court trial.

1

After a bench trial, the court convicted defendant on the receiving offense and sustained the strike prior and prior prison term based on defendant's admissions when he testified as well as documentary evidence. The court "deemed" counts III and IV to charge misdemeanor resisting or obstructing of a peace officer (§ 148), convicted defendant on these two counts [count III (Officer Kuwata), count IV (Deputy Rasmussen)], and added a misdemeanor resisting or obstructing a peace officer count [count VII (Sergeant Walter)] of which defendant was also found guilty.

Although the clerk's minutes show that the court convicted defendant on count V as well, the court's oral pronouncement of judgment did not amend or find defendant guilty of count V. Thus the court did not find defendant guilty of either count V or count VI. The court's oral pronouncement of judgment prevails. *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.)

For completeness, we note that codefendant Jamie Michelle Barbeiro was also charged in count I and was charged separately and alone in count II. The court acquitted codefendant Barbeiro on both counts.

The court sentenced defendant to state prison for an aggregate term of seven years, that is, the upper term of three years doubled for the strike prior for the receiving offense plus one year for the prior prison term. The court imposed concurrent terms for the three misdemeanor counts (counts III, IV, and VI).

Defendant appeals. He contends the trial court abused its discretion and violated his constitutional rights in amending the information to change the offenses charged and to add an additional charge naming a new victim or, in the alternative, counsel rendered ineffective assistance in failing to object to the amendment. We will reverse count VII. Defendant also contends that the trial court imposed an unauthorized $1,960 fine and that counsel rendered ineffective assistance in failing to object to the fine. We will remand to the trial court to set forth the statutory authority for the fine and assessments.

FACTS AND PROCEEDINGS

About 9:30 p.m. on October 8, 2012, K.P., watching on a security camera installed inside his home, saw a person pull two marijuana plants out of his backyard and go over the fence. K.P. had a prescription for medical marijuana. K.P. went into his backyard and looked over the fence. He saw the thief riding away on a bicycle. K.P. followed the thief and watched the thief go into a house trailer. K.P. called the police. Officer Kelly Kuwata, Deputy Heath Rasmussen, and Sergeant Carl Walter responded to the call. Officer Kuwata and Sergeant Walter went to the back door of the trailer while Deputy Rasmussen went to the other side. Officer Kuwata knocked on the back door and Jamie Barbeiro answered. Barbeiro claimed no one else was present and denied there was any marijuana in the trailer. Officer Kuwata smelled marijuana as soon as she went up the stairs to the back door and the smell was extreme when the door opened.

Eventually, Barbeiro admitted that defendant was present and Barbeiro asked defendant to come out of the bathroom. Defendant came out, cursed at the officers and told them to get a warrant. Officer Kuwata restrained defendant by grabbing his right wrist. Defendant then charged the officers and knocked Officer Kuwata and Sergeant Walter off the porch. Officer Kuwata injured her knees and hip. Deputy Rasmussen joined the other officers and all three were on the ground struggling with defendant. Defendant was eventually arrested.

Barbeiro led Officer Kuwata to the master bedroom where the two marijuana plants belonging to K.P. were found.

Defendant's next door neighbor testified that defendant did not push the officers off the porch and claimed defendant was unable to move his hands to be cuffed.

Defendant testified that he had not entered K.P.'s backyard. He claimed he saw a couple of men riding on their bicycles down the street and the two plants fell from their bicycles. Defendant found the plants on the ground, picked them up, and took them

3

home.  He denied charging at or pushing the officers and denied trying to injure them, claiming he was only trying to protect himself.  Defendant claimed Officer Kuwata threatened to get a search warrant if he did not turn over the marijuana plants.  Defendant stated that he knew "Officer Walter was trying to grab [his] hand away from [his] stomach and [he] was trying to protect it . . . that was the only time [he] really resisted."  Defendant testified that he started to get the marijuana plants to give to Deputy Rasmussen, an officer who did not testify.  Defendant stated that the deputy then grabbed his (defendant's) leg.

DISCUSSION

I

*Amended Charges*

Defendant contends the trial court abused its discretion by amending the charges and adding a new charge to the information, naming a new victim.  He argues that since insufficient evidence supported the resisting with force or violence counts, the court should have dismissed the four counts.  Defendant claims the three misdemeanor counts must be reversed because the court had no statutory authority to make the amendments, exceeded its jurisdiction by acting as a prosecutor, judge and jury, and violated the separation of powers doctrine when it amended the charging document sua sponte.  Defendant claims his constitutional right to due process was violated.

The People respond that defendant has forfeited his right to raise the issue on appeal by failing to object to the court's amendment below.  On the merits, the People argue that section 1009 permitted the court to amend sua sponte.  In any event, the People claim that defendant has failed to demonstrate prejudice by the amendment.

We conclude that the trial court erred in adding a new count to the information and that defense counsel's failure to object constituted ineffective assistance of counsel, resulting in prejudice to defendant.  With respect to the amendment of counts III and IV

4

to charge misdemeanor resisting, we conclude that defense counsel did not render ineffective assistance of counsel in failing to object.

In closing argument, with respect to the resisting or deterring with force charges, the prosecutor asserted Officer Kuwata was pushed off the porch, Sergeant Walter was pushed back, and Deputy Rasmussen fell to the ground in handcuffing defendant. Defense counsel argued that the evidence supported the lesser-included misdemeanor offense of resisting the officers, specifically referring to Officer Kuwata and Sergeant Walter. The trial court noted that the information did not charge defendant with resisting Sergeant Walter.

With respect to the four section 69 counts, the court "deemed" only counts III and IV to charge misdemeanor resisting, and convicted defendant on count III (Officer Kuwata) and count IV (Deputy Rasmussen) and convicted defendant on this added count. The court added misdemeanor resisting as count VII (Sergeant Walter). Defendant did not object.

Section 1009 provides: "An indictment, accusation or information may be amended by the district attorney, and an amended complaint may be filed by the prosecuting attorney, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained. The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, or if the defect in an indictment or information be one that cannot be remedied by amendment, may order the case submitted to the same or another grand jury, or a new information to be filed. The defendant shall be required to plead to such amendment or amended pleading forthwith, or, at the time fixed for pleading, if the defendant has not yet pleaded and the trial or other proceeding shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not

5

longer than the ends of justice require, may be granted. *An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination.* A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, except that separate counts may be added which might properly have been joined in the original complaint. The amended complaint must be verified but may be verified by some person other than the one who made oath to the original complaint." (Italics added.)

"Due process requires that a criminal defendant be given fair notice of the charges to provide an opportunity to prepare a defense and to avoid unfair surprise at trial. [Citations.] An accusatory pleading stating the charged offense provides the defendant not only with notice of the offense actually charged but also with notice of any necessarily included offenses. [Citation.]" (*People v. Tardy* (2003) 112 Cal.App.4th 783, 786; *People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1581.)

Section 69 provides: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment."

Section 69 "sets forth two separate ways in which an offense can be committed. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty. [Citation.]" (*In re Manuel G.* (1997) 16 Cal.4th 805, 814.) Section 148, subdivision (a)(1) is a necessarily included lesser offense to the second way of violating section 69 [resistance by force] but is not a lesser included

6

offense to a charge that defendant violated section 69 in the first way. (*People v. Smith* (2013) 57 Cal.4th 232, 242.)

Here, the accusatory pleading charged both resisting by force [counts III (Officer Kuwata) and IV (Deputy Rasmussen)] and deterring or preventing with threats of force or violence [counts V (Officer Kuwata and VI (Deputy Rasmussen)]. Thus, defendant was on notice that he could be convicted of the necessarily included offense of misdemeanor resisting in counts III and IV (resisting by force), but not counts V and VI (deterring or preventing with threats of force or violence).

With respect to defendant's challenge to the trial court's authority to amend the information to charge misdemeanor resisting in counts III and IV and defense counsel's failure to object, defendant's claims lack merit. We reject defendant's argument that the court could not amend counts III and IV sua sponte without a motion by the prosecutor. The court had the statutory authority to amend the charging document on its own motion. (§ 1009 ["The court . . . may order . . . an amendment of an indictment, accusation, or information . . . for any defect or insufficiency, at any stage of the proceedings"]; *People v Carrasco* (2006) 137 Cal.App.4th 1050, 1057.) To establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient and that defendant suffered prejudice as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 691-692 [80 L.Ed.2d 674]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) Even had defense counsel objected, the trial court did not err in "deeming" counts III and IV to charge the necessarily included lesser offense of misdemeanor resisting. Defendant's due process rights were not violated because he had notice of the lesser included offense of which he was convicted and we can discern no prejudice to his substantial rights.

In any event, since misdemeanor resisting or obstructing an officer is a lesser included offense to the offense charged in counts III and IV, the court need not have amended those counts prior to finding defendant guilty of the misdemeanors. (§ 1159

7

["The . . . judge if a jury is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged . . . ."].) This resolves defendant's separation of powers argument because, even if we decided the court violated that doctrine by amending the pleadings without a motion from the prosecutor, the judge had the authority to find the defendant guilty of the misdemeanors as lesser included offenses. Defendant thus suffered no prejudice.

We do not reach the same conclusion with regard to count VII.

We first observe that defense counsel failed to object to the trial court's amendment of the information to add an additional misdemeanor resisting charge, naming Sergeant Walter as the officer defendant resisted.

Generally, a defendant's failure to "object to the amendment of the information or ask for a continuance," forfeits his right to assert the error on appeal. (*People v. Collins* (1963) 217 Cal.App.2d 310, 313; *People v. Spencer* (1972) 22 Cal.App.3d 786, 799 ["claim that the court erred in ordering the filing of an amended information cannot be raised for the first time on appeal"]; see also *People v. Carrasco, supra,* 137 Cal.App.4th at p. 1056; *People v. Carbonie* (1975) 48 Cal.App.3d 679, 691.) Anticipating a finding of forfeiture, defendant claims counsel rendered ineffective assistance in failing to object to the added charge. We agree.

Officer Kuwata and Sergeant Walter testified during trial. When the prosecutor called Deputy Rasmussen to testify, the court intervened, asking, "How's he going to change anything that's been said so far? I want an offer of proof." The prosecutor stated that the deputy's testimony went "to the resistance to him trying to handcuff the defendant." The court stated that it had "enough" and did not need the testimony since it had "already been established."

Section 1009 expressly prohibits amending the information to add a charge not shown by the evidence adduced at the preliminary hearing. Defendant waived his right to a preliminary hearing and was held to answer on the felony resisting/deterring with

8

force/violence counts naming Officer Kuwata and Deputy Rasmussen. Had defense counsel objected, the information could not have been amended to add a new charge of misdemeanor resisting the third officer. There is no satisfactory explanation for defense counsel's failure to object to the added charge and defendant suffered prejudice as a result, being convicted of a charge not included in the complaint to which he had waived his right to a preliminary hearing. (*People v. Peyton* (2009) 176 Cal.App.4th 642, 652-656; *People v. Winters* (1990) 221 Cal.App.3d 997, 1005-1007.) Accordingly defendant's conviction on count VII is reversed and that count is ordered dismissed.

With respect to counts V and VI, the court did not "deem" those counts to also charge a lesser offense and rightly so since those counts charged deterring preventing an officer from his duties with threats of force or violence, not resisting an officer with force. We note that the court was required to announce its findings as to counts V and VI (§ 1167) which it failed to do. That notwithstanding, the court did find on the record that defendant did not use force or violence as charged in these counts and, since the record is silent on the matter, presumably also found that defendant did not threaten to use force or violence. We conclude that the record, reasonably read, reflects a trial court finding that counts V and VI were not proven beyond a reasonable doubt.

II

*Unauthorized Fine*

The probation report had recommended a $1,960 "Base Fine, plus mandatory assessments to be calculated by the Probation Department (18 PC, 19 PC)." At sentencing, the trial court ordered defendant to pay "a fine of $1,960 plus penalty assessments" and the sentencing minutes so reflect. The abstract of judgment, however, erroneously reflects that the court orally ordered the fine pursuant to section 1202.5 which is inapplicable in this case.

9

Defendant contends that the trial court imposed an unauthorized $1,960 fine. Acknowledging that counsel did not object, defendant claims counsel rendered ineffective assistance in failing to object to the imposition of the $1,960 fine. The People concede that the matter must be remanded to permit the trial court to specify the statutory authority for the fine and assessments. We agree and will remand the matter to the trial court to make the necessary findings. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.)

DISPOSITION

Count VII (misdemeanor resisting of Sergeant Walter) is reversed and the count is ordered dismissed. The matter is remanded to the trial court to specify the statutory authority for the $1,960 fine and assessments. The court will prepare an amended abstract of judgment thereafter, specifying the statutory authority for the fine and assessments. The amended abstract of judgment shall also delete reference to a third count of misdemeanor resisting (which the abstract erroneously refers to as count V, rather than count VII) and reflect concurrent one-year terms for those crimes charged in counts III and IV. The court shall thereafter forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

                                          HULL           , J.

We concur:

    BLEASE      , Acting P. J.

    MURRAY    , J.