Filed 7/27/18; Modified and Certified for Pub. 8/20/18 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F074581 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. VCF314447) |
| ANTHONY LOPEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Kathryn T. Montejano, Judge.

Caitlin M. Plummer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall and F. Matt Chen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Smith, J. and Ellison, J. [†]

[†]     Retired judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Appellant Anthony Lopez stands convicted of petty theft with a prior, pursuant to Penal Code[1] sections 484, subdivision (a) and 666, subdivision (a). The court found true a prior strike conviction, three prior prison terms, and five felony convictions within the meaning of section 1203, subdivision (e)(4). Lopez contends his conviction must be reversed because section 459.5 precludes alternate charging. Alternatively, he contends defense counsel rendered ineffective assistance by failing to object to the alternate charging.

We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On February 12, 2015, Lopez and a female companion were inside a Walmart store. Lopez was observed placing a home stereo unit and several small items inside a Walmart bag in a shopping cart. Lopez did not pay for the items before exiting the store. Outside the store, an asset protection officer stopped Lopez; Lopez admitted he had not paid for the items. The value of the unpaid items was determined to be $496.37.

Lopez told police he had gone to Walmart to purchase a few items, but only had five dollars with him. Lopez claimed he had no intention of stealing anything prior to entering the store, but formed the intent to steal once inside. He admitted placing items inside his cart and leaving the store without paying for them.

On March 12, 2015, a complaint was filed charging Lopez with shoplifting in violation of section 459.5. Because Lopez is a section 290 registrant, the count was charged as a felony. (§ 459.5, subd. (a).) In addition, the complaint alleged that Lopez had been convicted of multiple prior felonies and served prior prison terms.

---

[1] All statutory references are to the Penal Code.

At the September 17, 2015, preliminary hearing, the People commenced by stating, "we'll be looking for a bindover for PC 666 as well. 459.5 on the rap also supports PC 666." At the conclusion of testimony, the trial court stated:

> "If you wanted to enter a plea, I'd be inclined to maybe put the sentencing over for a couple months so he can get his affairs in order, if he wants to take advantage of the two-year sentence.

> "Otherwise, I'll bind it over on both counts and he's probably looking at three years with the prior prison commitment, possibly four given his prior record. Looks like he's been to prison a couple times."

At this point, there was a pause in the proceedings, after which defense counsel stated Lopez "would like to proceed with his case." The People then moved to hold Lopez to answer to the charge of shoplifting in the complaint, and the additional charge of petty theft with a prior. The trial court inquired if defense counsel had any response, and defense counsel replied, "Submitted." The trial court replied, "The Court will hold him to answer on both those charges with all the special allegations."

In an information filed September 28, 2015, the People charged Lopez with felony shoplifting pursuant to section 459.5, subdivision (a) and petty theft with a prior pursuant to section 484, subdivision (a) and 666, subdivision (a). The information also alleged Lopez had suffered a prior strike conviction; served three prior prison terms within the meaning of section 667.5, subdivision (b); and had five prior felony convictions within the meaning of section 1203, subdivision (e)(4).

Before trial, Lopez asked the trial court to exercise its authority pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, to strike the prior strike allegation. The trial court heard and granted the motion on June 30, 2016.

A jury trial commenced on August 29, 2016. During closing argument, the People argued the facts showed Lopez had an intent to steal when he entered the Walmart store because he only "had $5 on him when he came to Wal-Mart, but then he also brought a

[Walmart] plastic bag with him." The People argued that Lopez bringing a Walmart bag with him "seemed to indicate that he had decided previously to commit the theft."

The defense argued that the shoplifting charge was "a little more specific" than the petty theft charge because the People had to prove "what his intention was the moment he walked into the store."

After retiring to deliberate, the jury asked for a read back of testimony. The jury then asked a question, "Can we use the instructions from 1800 to determine the intent from the shoplifting charge? We just need clarification." The trial court discussed with both counsel the appropriate response to the question and provided a response to the jury.

A second question was asked by the jury, "[C]an we use the prior conviction we used to show the intent for shoplifting?" The trial court again discussed the appropriate response with both counsel and provided a response to the jury. A third question was received from the jury asking, "Does number 2 of 1700 mean prior intent or intent once he enters the store?" Again, the trial court discussed the response to be provided the jury with both counsel.

On August 30, 2016, the jury indicated they had reached a verdict as to one count and were unable to reach a verdict on the other count. The jury returned a verdict of guilty on count 1, the charge of petty theft with a prior. No verdict was reached on the count 2 charge of shoplifting. The trial court declared a mistrial as to count 2 and the People dismissed count 2.

In a bifurcated court trial on the allegations, the trial court found all of the remaining allegations true. The trial court imposed a total term of two years at the November 10, 2016, sentencing.

Lopez filed a timely notice of appeal on November 15, 2016.

## DISCUSSION

Lopez contends his conviction should be reversed because section 459.5, subdivision (b) prohibited the People from charging him with any offense other than

shoplifting. He contends that if we conclude this issue is forfeited, defense counsel rendered ineffective assistance.

### *Forfeiture*

The People amended the charges at the preliminary hearing to add the petty theft with a prior count, in addition to the shoplifting charge. There was no objection by Lopez. The People contend Lopez has forfeited any challenge to the filing of the amended information and the additional charge of petty theft with a prior. Generally, a defendant's failure to object to an amended information forfeits his right to assert the error on appeal. (*People v. Carrasco* (2006) 137 Cal.App.4th 1050, 1057; *People v. Carbonie* (1975) 48 Cal.App.3d 679, 691; *People v. Spencer* (1972) 22 Cal.App.3d 786, 799-800; *People v. Collins* (1963) 217 Cal.App.2d 310, 313.)

Anticipating the forfeiture argument, Lopez contends defense counsel rendered ineffective assistance. Therefore, we address the merits of Lopez's contention.

### *Section 459.5 – Shoplifting*

Proposition 47 created the new crime of "shoplifting," set forth in section 459.5. (*People v. Gonzales* (2017) 2 Cal.5th 858, 862 (*Gonzales*).) Section 459.5 provides:

> "(a)   Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170.

"(b)     Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting.  No person who is charged with shoplifting may also be charged with burglary or theft of the same property."[2]

Lopez contends that because he was charged with shoplifting pursuant to section 459.5, he could not also be charged with petty theft with a prior pursuant to sections 484 and 666.  The People argue that in order to avoid absurd results, this court should interpret section 459.5 to permit alternate charging of shoplifting and petty theft.

The purpose of the preliminary hearing is to determine whether a defendant should be bound over for trial and on what charges he or she is to be tried.  (*People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1459.)  The evidence at the preliminary hearing was that Lopez maintained he formed no intent to steal until after entering Walmart.  If true, then the charge of shoplifting would not lie as Lopez did not have the intent to commit larceny when he entered Walmart.  (§ 459.5, subd. (a).)  The prosecutor charged Lopez with shoplifting, the only charge that could be brought if he entered Walmart with the intent to commit larceny.  The prosecutor also asked that Lopez be held to answer on a charge of petty theft with a prior, which does not require that Lopez have *entered* Walmart with the intent to commit larceny.

The People elected to proceed on both shoplifting and petty theft with prior charges after the preliminary hearing and the jury verdict reflects the People's concerns with proof of intent.  The jury failed to convict on the shoplifting charge; their questions indicate they struggled to find intent to commit larceny at the time of entry into Walmart.

Lopez argues, however, that section 459.5, subdivision (b) explicitly limits the prosecutor's charging discretion and that no charge of petty theft with a prior could be brought when he is charged with shoplifting.  The People acknowledge the literal language of section 459.5, subdivision (b) appears unambiguous.  The People contend that a literal reading of "section 459.5 presumes that it will be clear whether a defendant's

---

[2]     Section 459 generally defines the crime of burglary.

6.

conduct constitutes shoplifting or not, before the prosecutor makes the charging decision." The People argue that prohibiting alternative charging under the facts of Lopez's case is not what the voters intended when they enacted Proposition 47.

Whether to prosecute and what charges to file are decisions that generally rest in the prosecutor's discretion. (*United States v. Batchelder* (1979) 442 U.S. 114, 123-124.) Section 954 allows the prosecutor to charge "two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts." As the Supreme Court in *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 552 stated:

> "[T]he prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring. [Citations.] This prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from " 'the complex considerations necessary for the effective and efficient administration of law enforcement' " [Citations.] The prosecutor's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch."

However, prosecutorial discretion on charging can and has been limited in certain instances. (See e.g., *People v. Murphy* (2011) 52 Cal.4th 81, 87; *People v. Rader* (2014) 228 Cal.App.4th 184, 194-200; *People v. Kilborn* (1996) 41 Cal.App.4th 1325, 1332-1333.)

The Supreme Court has held the language of section 459.5, subdivision (b) precludes alternate charging of "any act of shoplifting." (*Gonzales*, *supra*, 2 Cal.5th at p. 876.) *Gonzales* stated section 459.5, subdivision (b) expressly prohibits alternate charging for the "underlying described conduct." (*Gonzales*, at p. 876.) *Gonzales* applied section 459.5 essentially in a retroactive situation because it addressed section 459.5 in the context of a petition for recall of a sentence and resentencing. (*Gonzales*, at p. 862.) *Gonzales* did not address the circumstances where a prosecutor charged

7.

shoplifting and another offense because of potential evidentiary problems in proving the requisite intent upon entry into a commercial establishment required for a shoplifting conviction.

We do not construe section 459.5 or the *Gonzales* case as restricting a prosecutor's ability to charge another theft offense when the element of intent upon entering the commercial establishment is absent or in question. In statutory construction, an appellate court adheres to the plain language of the statute "unless doing so would lead to absurd results the Legislature could not have intended." (*People v. Birkett* (1999) 21 Cal.4th 226, 231.) In construing " 'statutory provisions, whether enacted by the Legislature or by initiative, the intent of the enacting body is the paramount consideration.' " (*Gonzales, supra,* 2 Cal.5th at p. 868.)

Subdivision (b) of section 459.5 provides that "[a]ny act of shoplifting as defined in subdivision (a) shall be charged as shoplifting." Shoplifting is defined as requiring an intent to commit larceny at the time of entering the commercial establishment. (§ 459.5, subd. (a).) In our view, the intent of section 459.5, subdivision (b) is clear: if a defendant enters a commercial establishment with the intent to commit larceny, the only charge that will lie is shoplifting under section 459.5, subdivision (a). In other words, a prosecutor may not elect to charge shoplifting under section 459.5 and second degree burglary under sections 459 and 460. (§ 459.5, subd. (b).) Nor may a prosecutor pursue a theft charge other than shoplifting when all the elements of shoplifting, including intent upon entry, are present. (§ 459.5, subd. (b).)

Section 954 "permits the charging of the same offense on alternative legal theories, so that a prosecutor in doubt need not decide at the outset what particular crime can be proved by evidence not yet presented." (*People v. Ryan* (2006) 138 Cal.App.4th 360, 368.) Section 459.5 limits a prosecutor's charging discretion under section 954 with respect to crimes where the defendant enters a commercial establishment during regular business hours *with the intent* to commit larceny. Section 459.5 does not preclude the

8.

filing of an alternate charge of petty theft, when the evidence may not demonstrate the defendant entered the commercial establishment with the intent to commit larceny as required for shoplifting. The prosecution should not be precluded from charging different offenses based upon the evidence that may be adduced at trial.

As for effectuating the voters' intent, our construction of section 459.5, subdivision (b) does effectuate the voters' intent. The voters gave shoplifting a narrower, or more specific, definition than under common law by requiring entry into the commercial establishment with intent, as opposed to any theft.[3] The *Gonzales* court stated that section 459.5 provides a specific definition of shoplifting and in doing so, "it creates a term of art, which must be understood as it is defined, not in its colloquial sense." (*Gonzales, supra,* 2 Cal.5th at p. 871.) Section 459.5's definition of shoplifting "as an *entry* into a business with intent to steal, rather than as the taking itself," is a deviation from the "colloquial understanding of that term." (*Gonzales*, at p. 871.)

The requirement of intent upon entry could easily have been omitted from the statutory language, but was not. We will not construe the entry with intent language in section 459.5 as surplusage without meaning. (*People v. Valencia* (2017) 3 Cal.5th 347, 357.)

Where uncertainty exists as to the meaning of statutory language, "consideration should be given to the consequences that will flow from a particular interpretation." (*People v. Valencia, supra*, 3 Cal.5th at p. 358.) To adopt Lopez's interpretation of section 459.5 and preclude alternate charging in all instances where shoplifting is charged would have the unforeseen consequence the People complain of on appeal—forcing the prosecutor to choose at the charging stage when evidence of intent is weak and allowing a defendant to avoid liability for his or her criminal conduct.

---

[3] The common definition of shoplifting as found in Webster's Third New International Dictionary (1981) at page 2101, is "the stealing of goods on display in a store."

Precluding the prosecutor from filing a charge for petty theft with a prior when the evidence adduced at the preliminary hearing may not establish the necessary intent upon entry for shoplifting would lead to the absurd result that criminal conduct would go unpunished because a prosecutor was restricted to charging only shoplifting when an element of that offense potentially could not be proven. We do not believe that was the intent of voters and we will not so construe section 459.5, subdivision (b); the purpose of Proposition 47 was to reduce certain offenses to misdemeanors, not eliminate liability for criminal conduct. (See *Gonzales, supra,* 2 Cal.5th at p. 870.)

### *No Ineffective Assistance of Counsel*

The standard of review when questioning whether a defendant received effective representation is well established. "In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance. [Citation.] To demonstrate deficient performance, defendant bears the burden of showing that counsel's performance ' " ' "fell below an objective standard of reasonableness . . . under prevailing professional norms." ' " ' [Citation.] To demonstrate prejudice, defendant bears the burden of showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)

As we have concluded the prosecutor was not prohibited from charging Lopez both with shoplifting and petty theft with a prior, Lopez has failed to demonstrate that defense counsel's failure to object to the addition of the petty theft with a prior charge was either deficient performance or prejudicial.

### DISPOSITION

The judgment is affirmed.

Filed 8/20/18

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>ANTHONY LOPEZ,<br><br>    Defendant and Appellant. | F074581<br><br>(Super. Ct. No. VCF314447)<br><br>**ORDER MODIFYING OPINION AND GRANTING REQUEST FOR PUBLICATION**<br><br>**[No Change in Judgment]** |

It is hereby ordered that the opinion filed on July 27, 2018, be modified as follows:

1. On page 9, the first sentence of the first full paragraph commencing, "As for effectuating the voters' intent .…" is modified to read:

   "Our construction of section 459.5, subdivision (b), effectuates the voters' intent."

There is no change in the judgment. Except for the modification set forth above, the opinion previously filed remains unchanged.

The Attorney General has requested the opinion filed July 27, 2018, be certified for publication. It appears our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is granted.

The opinion filed on July 27, 2018, and modified pursuant to this order, is ordered published in the Official Reports.

_____
Smith, J.

WE CONCUR:

_____
Poochigian, Acting P.J.

_____
Ellison, J. †

---

† Retired judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2.