# IN THE SUPREME COURT OF CALIFORNIA

PEOPLE,
Plaintiff and Respondent,

v.

ANTHONY LOPEZ,
Defendant and Appellant.

S250829

Fifth Appellate District
F074581

Tulare County Superior Court
VCF314447

April 30, 2020

Justice Chin authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Corrigan, Liu, Cuéllar, Kruger, and Groban concurred.

PEOPLE v. LOPEZ

S250829

Opinion of the Court by Chin, J.

Defendant Anthony Lopez entered a Walmart and stole items worth $496.37. He was charged with shoplifting and theft, but was convicted solely of theft because the jury could not reach a verdict on shoplifting. On appeal, defendant raised a claim that his conviction must be reversed because he had been charged in violation of Penal Code section 459.5, subdivision (b)[1] (section 459.5(b)), which provides: "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting *may also be charged with burglary or theft of the same property*." (Italics added.) The Court of Appeal recognized that defendant had been improperly charged with shoplifting and theft of the same property. Nevertheless, it affirmed the conviction, reasoning that defendant was not prejudiced by his trial counsel's failure to object to the charges, because section 459.5(b) would have permitted the prosecutor to respond to any such objection by amending the information to charge shoplifting and theft *in the alternative*, which would have resulted in the same theft conviction. We granted review to determine the scope of section 459.5(b)'s limits on prosecutorial charging discretion.

Before this court, the parties agree that section 459.5(b) precludes charging shoplifting and theft of the same property,

_____

[1] All statutory references are to the Penal Code, unless otherwise specified.

1

even in the alternative. But they disagree whether section 459.5(b) would have permitted the prosecutor to amend the information (1) to charge shoplifting such that petty theft would have been a lesser included offense under the accusatory pleading test *or* (2) to charge solely petty theft.

We hold that section 459.5(b) prohibits charging shoplifting and theft of the same property, even in the alternative. But a prosecutor may charge shoplifting with an allegation stating that "the value of the property taken does not exceed $950," such that petty theft is an uncharged lesser included offense under the accusatory pleading test. Consistent with the principles governing instructions on lesser included offenses, if shoplifting is so charged, and if there is substantial evidence from which a jury could conclude that the defendant committed petty theft but not shoplifting, the trial court is required to instruct the jury on petty theft, and the jury is required to return an acquittal on shoplifting before it may return a verdict on petty theft.

Additionally, we hold that, as a general rule, section 459.5(b) prohibits a prosecutor from charging theft when there is probable cause that a defendant has committed shoplifting of the same property. As an exception to this general rule, however, even when there is probable cause that a defendant has committed shoplifting, a prosecutor may charge theft instead of shoplifting if the prosecutor can articulate a theory supported by the evidence under which the defendant would be guilty of theft but *not* shoplifting.

Having so interpreted section 459.5(b), we reverse the judgment of the Court of Appeal and remand for further proceedings consistent with our opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 12, 2015, defendant Anthony Lopez and a female companion were inside a Walmart store when they attracted the attention of a Walmart asset protection officer. After noticing defendant select a home stereo unit, the asset protection officer followed defendant throughout the store and watched as defendant placed items into an empty Walmart plastic bag within his shopping cart. When the couple reached the register, defendant's female companion paid for the items that she had placed in the cart, but defendant pushed the cart towards the exit without paying for his items. As soon as the couple exited the store, the asset protection officer confronted defendant, who admitted that he had not paid for the merchandise. The asset protection officer identified the unpurchased items—a home stereo unit, a candle wax warming kit, a flashlight, and a TV wall mount—and determined their combined value to be $496.37.

Later, defendant told the police that he had gone to Walmart with $5 to purchase a few items, but with no intention of stealing anything. According to defendant, once he was inside the store, he decided he needed money, so he placed some items into his shopping cart and left without paying for them.

Initially, the prosecutor filed a complaint charging defendant with felony shoplifting under section 459.5, subdivision (a) (section 459.5(a)). Ultimately, the prosecutor filed an amended information charging defendant with felony shoplifting under section 459.5(a) and felony petty theft with priors under sections 484, subdivision (a), and 666. For purposes of both felony charges, the amended information alleged that defendant had suffered a prior conviction requiring

him to register as a sex offender under section 290. (See §§ 459.5(a); 666, subds. (a), (b).) For purposes of the petty theft with priors charge only, the information also alleged that defendant had suffered multiple prior theft convictions and served multiple prior prison terms.[2] (See § 666, subd. (a).) Defendant did not demur to the amended information or otherwise object to the charges.

On August 29 to 30, 2016, the court held a bifurcated trial. After requesting a read-back of testimony and asking three questions, the jury submitted a note to the court stating that it was "split on the decision for shoplifting, based on intent." Ultimately, the jury found defendant guilty of petty theft, but it could not reach a verdict on shoplifting. The court declared a mistrial on the shoplifting charge and, upon the prosecution's motion, dismissed it. In a bench trial, the court found true all the remaining allegations.[3]

On appeal, defendant raised a claim that his conviction must be reversed because section 459.5(b) prohibits a person who is "charged with shoplifting" from "also be[ing] charged with burglary or theft of the same property." Anticipating that this claim may have been forfeited, defendant also raised a claim that his trial counsel had rendered constitutionally ineffective assistance by failing to demur to the amended information or otherwise object to the charges.

---

[2]  The amended information included several additional allegations that are not relevant to the issues before us.

[3]  For purposes of the petty theft with priors charge, the parties had stipulated to the truth of the allegation that defendant had suffered a qualifying prior theft conviction. (See § 666, subd. (a).)

In response, the Attorney General conceded that the prosecutor had violated section 459.5(b) by charging shoplifting and theft in the conjunctive but contended that defendant's improper charging claim had been forfeited. Additionally, the Attorney General argued that defendant was not prejudiced by his trial counsel's failure to object to the charges, because section 459.5(b) would have permitted the prosecution to respond to such an objection by amending the information to charge shoplifting and theft of the same property *in the alternative*, which would have resulted in the same theft conviction.

The Court of Appeal agreed with the Attorney General and affirmed the conviction. We granted defendant's petition for review and ordered briefing on several questions related to section 459.5(b).

## II. DISCUSSION

"Proposition 47 has generated many interpretive issues for this court." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 423 (*Valenzuela*).) This case is no exception.

In the 2014 general election, Californians passed this voter initiative to " '[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes.' " (*People v. Gonzales* (2017) 2 Cal.5th 858, 870 (*Gonzales*), quoting Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70 (Voter Information Guide).) As is relevant here, the measure added section 459.5 to the Penal Code, "carving out" the new offense of " 'shoplifting' " from the preexisting offense of burglary. (*People v. Martinez* (2018) 4 Cal.5th 647, 651.) Before Proposition 47, any entry into a commercial establishment with

the intent to commit larceny was second degree burglary. (§§ 459 [definition of burglary], 460 [degrees of burglary].) After Proposition 47, this conduct is shoplifting *if* the establishment is open during regular business hours and the property taken or intended to be taken is worth $950 or less, but "[a]ny *other* entry into a commercial establishment with intent to commit larceny" continues to be second degree burglary. (§ 459.5(a), italics added.) While shoplifting "shall be punished as a misdemeanor" unless the defendant has a prior conviction as specified in section 459.5(a), second degree burglary remains an alternative felony-misdemeanor or wobbler. (§§ 459.5(a) [punishment for shoplifting], 461 [punishment for burglary]; see *People v. Colbert* (2019) 6 Cal.5th 596, 599 (*Colbert*).)

Of course, if a person enters a commercial establishment with the intent to commit theft and carries out his or her intent—by taking another's property without consent and with the intent to permanently deprive the owner of the property— that person also commits theft.[4] (§ 484, subd. (a).) Therefore, a

---

[4] After Proposition 47, this conduct is petty theft *if* the property taken is worth $950 or less. (§§ 486–488, 490.2.) Under section 490.2, petty theft is punishable as misdemeanor petty theft unless the defendant has a prior conviction as specified in that section. But under section 666, petty theft is punishable as wobbler petty theft with priors if the defendant has a qualifying prior theft conviction, has served a term in a penal institution as a result of that theft conviction, and has another qualifying prior conviction as specified in that section. Proposition 47 eliminated the former wobbler of petty theft with *three theft* priors, as defined by former section 666, subdivision (a), and amended the former wobbler of petty theft with one theft prior and one additional prior, as previously defined by former section 666, subdivision (b) and as currently defined by

single course of conduct may constitute both shoplifting and theft *or* both burglary and theft.

Section 459.5(b) limits a prosecutor's charging discretion in this context. It provides: "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." We granted review to determine whether these directives permit a prosecutor to charge shoplifting and theft of the same property in the alternative; to charge shoplifting such that petty theft would be a lesser included offense under the accusatory pleading test; or to charge theft instead of shoplifting when there is evidence that the defendant may have committed shoplifting.

## A. Charging Shoplifting *and* Theft of the Same Property

### 1. Background

On appeal, both the Attorney General and the Court of Appeal acknowledged that the plain meaning of section 459.5(b)'s second directive—"[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property"—prohibits charging shoplifting and theft, even in the alternative. (See *People v. Lopez* (2018) 26 Cal.App.5th 382, 386–392 (*Lopez*).) But the Attorney General argued, and the court agreed, that a literal reading of this language would lead to absurd results and contradict voters' intent in cases where it is unclear whether defendant formed the intent to

---

section 666, subdivisions (a) and (b). (Voter Information Guide, text of Prop. 47, § 10, p. 72.) For ease of reference, we refer to the current wobbler as "petty theft with priors."

commit theft before or after he entered the commercial establishment. In these cases, if the prosecution charges theft, an "act of shoplifting" could be charged as theft—apparently in violation of section 459.5(b)'s first directive that "[a]ny act of shoplifting . . . shall be charged as shoplifting." But if the prosecution charges shoplifting, a defendant who has committed theft could escape criminal liability simply because the jury entertains a reasonable doubt that he possessed the intent to commit theft upon entry—an "absurd" result in the view of the Attorney General and the Court of Appeal. (*Lopez*, at p. 392.)

Using the facts of this case, the Attorney General illustrated these points: "[The prosecutor] could have charged appellant [Lopez] with petty theft. By the plain meaning of section 459.5, she could not have also charged shoplifting, even as an alternative charge—in choosing to charge appellant with petty theft, she would be precluded from charging shoplifting. However, appellant could then simply argue that his intent to commit theft was formed *prior* to his entry into Walmart. As the prosecutor pointed out, he only had five dollars at the time and also brought an empty bag to conceal merchandise. If the jury found this to be true, then appellant's conduct would constitute shoplifting and the prosecutor will necessarily have violated section 459.5's requirement that conduct constituting shoplifting be charged as shoplifting. [¶] Alternatively, the prosecutor could have charged appellant with shoplifting. Under the plain meaning of section 459.5, the prosecutor could not also charge petty theft, even as an alternative charge. But appellant could then argue that his intent to commit theft was formed *after* his entry into Walmart. And if the jury found this to be true, . . . then the prosecutor has failed to prove the shoplifting charge. Because she was not permitted to

alternatively charge petty theft (or any other theft offense), appellant faces no criminal consequences even though it may be apparent that he has committed a crime."

In sum, the Attorney General took the position that the section 459.5(b) "should be interpreted to permit alternative charging of shoplifting and other theft-related offenses while continuing to prevent multiple convictions based on theft of the same property." The Court of Appeal agreed, holding that section 459.5(b) does not prohibit charging shoplifting and theft of the same property in the alternative "when the element of intent upon entering the commercial establishment is absent or in question." (*Lopez, supra*, 26 Cal.App.5th at p. 390.)

### 2. *Discussion*

Despite prevailing below, the Attorney General adopts a different position before this court. He now agrees with defendant that section 459.5(b)'s second directive "prohibits a prosecutor from charging a defendant with both shoplifting and petty theft of the same property, *even in the alternative*."

Before interpreting section 459.5(b), we briefly review the canons that guide our process. In construing a voter initiative, " '[W]e apply the same principles that govern statutory construction.' [Citation.] As a law adopted by the voters, 'their intent governs.' [Citation.] In ascertaining that intent, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] This language is interpreted in the context of the statute as a whole, as well as the overall statutory scheme. [Citation.]" (*Valenzuela, supra*, 7 Cal.5th at p. 423.)

We begin with the observation that section 459.5(b)'s second directive—"[n]o person who is charged with shoplifting

may also be charged with burglary or theft of the same property"—must be read together with its first directive—"[a]ny act of shoplifting . . . shall be charged as shoplifting." Together, these directives must be understood in light of section 459.5(a)'s provision that "[s]hoplifting shall be punished as a misdemeanor" unless the defendant has suffered a specified prior conviction, and in light of Proposition 47's purpose to " '[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes.' " (*Gonzales*, *supra*, 2 Cal.5th at p. 870, quoting Voter Information Guide, text of Prop. 47, § 3, subd. (3), p. 70; see *Harris v. Superior Court* (2016) 1 Cal.5th 984, 992 ["One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative."].)

When section 459.5(b) is read in this context, it appears that Proposition 47's voters primarily intended the subdivision's charging directives to ensure that defendants who commit an "act of shoplifting"—but who have not suffered a specified prior conviction—are *charged with* and *convicted of* a single misdemeanor offense. In other words, the voters made a determination that the conduct that they defined as shoplifting deserves a single misdemeanor conviction, and they wanted to prevent prosecutors from circumventing this determination by

charging and convicting such conduct as felony burglary, felony theft, both shoplifting and theft, or both burglary and theft.[5]

Although we are not bound by their interpretation of the law, we agree with the parties that section 459.5(b)'s second directive unambiguously prohibits charging shoplifting and theft of the same property, even in the alternative, and that the plain meaning of the directive should control. (See *Desny v. Wilder* (1956) 46 Cal.2d 715, 729 [court not bound to accept parties' concessions on issues of law]; *Bradley v. Clark* (1901) 133 Cal. 196, 209–210 [same].) We recognize the Court of Appeal's concern that this interpretation may lead to the unintended consequence that a defendant who has committed theft may escape criminal liability simply because he is charged with shoplifting and the jury entertains a reasonable doubt about one of shoplifting's elements. But we are not persuaded that this possibility is so absurd as to justify a departure from the plain meaning of the statutory language. (See *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 638 ["To justify departing from a literal reading of a clearly worded statute, the result must be so unreasonable that the Legislature could not have intended it."].)

First, as we explain below, we believe prosecutors can avoid this unintended consequence by charging shoplifting such

---

[5] As previously explained, a single course of conduct may constitute both shoplifting and theft or both burglary and theft. (See *ante*, at pp. 6–7.) Generally, a defendant may be charged with and convicted of (but not punished for) multiple offenses based on the same course of conduct. (See §§ 954 [permitting multiples charges and multiple convictions], 654 [prohibiting multiple punishment]; *People v. Reed* (2006) 38 Cal.4th 1224, 1225.)

that petty theft is an uncharged lesser included offense under the accusatory pleading test. (See *post*, at pp. 12–18.) Second, both the statutory language and the Voter Information Guide indicate that Proposition 47 was intended to prohibit multiple *charges* based on shoplifting conduct—not merely multiple *convictions*, as the Attorney General argued on appeal. To this end, the Voter Information Guide specifically informed voters that "shoplifting property worth $950 or less" could have been "*charged* as burglary, which is a wobbler" prior to Proposition 47, but "would always be a misdemeanor and could not be *charged* as burglary" if the Proposition 47 passed. (Voter Information Guide, analysis of Prop. 47 by Legislative Analyst, p. 35, italics added; see *Colbert, supra*, 6 Cal.5th at p. 599 ["[Section 459.5(b)] limits a prosecutor's discretion in *charging*." (Italics added.)].) Although we do not know why Proposition 47's drafters chose to prohibit multiple charges rather than multiple convictions, one possible reason is that a prohibition on multiple convictions would have allowed a jury to find a defendant guilty of burglary or theft charged as a felony before returning a verdict on an alternative charge of misdemeanor shoplifting. (See §§ 459.5, subds. (a) ["Shoplifting shall be punished as a misdemeanor" unless defendant has a specified prior conviction.], (b) ["Any act of shoplifting . . . shall be charged as shoplifting."].) Accordingly, we read section 459.5(b) to be a prohibition on multiple charges, as it is written.

**B. Charging Shoplifting with Petty Theft as a Lesser Included Offense**

Before this court, the Attorney General advances two arguments as to why defendant was not prejudiced by trial counsel's failure to object. First, we consider his contention that the prosecutor could have responded to an objection by

amending the information to charge shoplifting such that petty theft would be a lesser included offense under the accusatory pleading test.

A trial court has a sua sponte duty to instruct the jury on any uncharged lesser offense that is necessarily included in a charged offense if there is substantial evidence from which the jury could reasonably conclude that the defendant committed the lesser included offense but not the charged offense. (*People v. Smith* (2017) 57 Cal.4th 232, 244.) "To determine if an offense is lesser and necessarily included in another offense for this purpose, we apply either the elements test or the accusatory pleading test. 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 404, quoting *People v. Reed* (2006) 38 Cal.4th 1224, 1227–1228.) Once instructed on a lesser included offense, a jury may find defendant guilty of that offense, but only after it has returned an acquittal on the charged offense. (*People v. Kurtzman* (1988) 46 Cal.3d 322, 330 (*Kurtzman*); see § 1159 ["The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."]) The defendant may not be convicted of both offenses; if substantial evidence supports the conviction of the charged offense, a conviction of the lesser included offense will be set aside. (*People v. Moran* (1970) 1 Cal.3d 755, 763.)

Here, the Attorney General argues that section 459.5(b) does not prevent a prosecutor from charging shoplifting with an allegation that "the value of the property *taken* does not exceed $950," such that petty theft is a necessarily included offense of shoplifting under the accusatory pleading test.[6]  He posits that, had defendant's trial counsel objected to the charges, the prosecutor could have responded by amending the information to charge shoplifting in this manner and, if so, the court would have been required to instruct the jury on petty theft as an uncharged lesser included offense of shoplifting.[7]  In the Attorney General's view, this would have led to a conviction of petty theft.  In response, defendant contends that this practice would constitute an improper end run around section 459.5(b)'s prohibition on charging shoplifting and "also" theft, thereby allowing the prosecution "to do implicitly what it was prohibited

---

[6]  Petty theft is not a necessarily included offense of shoplifting under the elements test because the elements of shoplifting do not require a taking.  In other words, a defendant can commit shoplifting without also committing petty theft—as when he enters a commercial establishment while it is open during regular business hours with the intent to commit theft of property worth $950 or less, but does *not* take anything.

[7]  In the shoplifting count of the amended information, the prosecutor alleged that defendant "did unlawfully, with intent to commit theft, enter a commercial establishment during regular business hours, to wit, WALMART, where the property *taken or intended to be taken* was valued at less than $950.00." (Italics added.)  The Attorney General acknowledges that, as charged in the amended information, petty theft was *not* a necessarily included offense of shoplifting under the accusatory pleading test, because defendant could have committed shoplifting as charged without also committing petty theft—if he entered Walmart with the intent to commit theft, but did *not* take anything.

from doing explicitly" and "[e]ffectively restoring the prosecutorial discretion that the voters plainly intended to take away." Additionally, defendant warns that this practice would mark an "unwarranted and problematic expansion of the accusatory pleading test," inviting prosecutors to allege extraneous facts to make "nearly any crime" a lesser included offense of a charged offense.

We agree with the Attorney General that, consistent with section 459.5(b), a prosecutor may charge shoplifting with an allegation that "the value of the property taken does not exceed $950," such that petty theft is an uncharged lesser included offense of shoplifting under the accusatory pleading test. In accord with the principles governing instructions on lesser included offenses, if shoplifting is so charged and if there is substantial evidence the defendant has committed petty theft but not shoplifting, the trial court must instruct the jury on petty theft, and the jury must return an acquittal on the shoplifting charge before it may return a verdict on petty theft. If defendant is convicted of shoplifting, he may not also be convicted of petty theft.

First, charging shoplifting with an allegation that "the value of the property taken does not exceed $950" neither requires nor permits prosecutors to allege facts extraneous to a shoplifting charge.[8] Section 952 allows prosecutors to charge an

_____

[8] We agree with defendant that section 459.5(b) forbids prosecutors from alleging facts extraneous to a shoplifting charge in an attempt to circumvent the prohibition on charging both shoplifting and theft of the same property. To use the facts of this case as an example, if the prosecutor had charged solely shoplifting, she could *not* have alleged that defendant had

offense "in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused." Section 459.5(a) defines shoplifting as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, *where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).*" (Italics added.) Therefore, not only is an allegation that "the value of the property taken does not exceed $950" directly relevant to one of the elements of shoplifting, but it also tracks the "words of the enactment describing the offense." (§ 952.) Additionally, this allegation commits the prosecution to the theory that defendant *stole* the property after entering with the intent to steal it, thereby providing the defendant with greater notice of "the offense of which he is accused." (*Ibid.*)

Second, we find this practice to be consistent with the section 459.5(b)'s directive that "[n]o person who is charged with shoplifting may also be *charged* with burglary or theft of the same property." (Italics added.) When there is substantial evidence from which a jury could reasonably conclude that a defendant committed an uncharged lesser offense that is necessarily included in the charged offense, the trial court is required to *instruct* the jury on the *uncharged* lesser included offense. Because lesser included offenses are not formally charged in separate counts of an accusatory pleading, we have consistently referred them as "uncharged" offenses. (See, e.g.,

---

suffered a qualifying prior theft conviction and served a qualifying prior prison term, because such allegations would be relevant only to the uncharged section 666 petty theft with priors offense.

*People v. Eid* (2014) 59 Cal.4th 650, 655, 656, 660; *People v. Reed* (2006) 38 Cal.4th 1224, 1227, 1229, 1231.)

Third, we reject defendant's assertion that Proposition 47's voters "made clear that they *wanted* the jury [to be] presented with an all-or-nothing choice"—shoplifting or acquittal. As mentioned above, we believe the voters wanted to prevent prosecutors from circumventing their determination that shoplifting conduct deserves a single misdemeanor conviction by charging and convicting such conduct as felony burglary, felony theft, both shoplifting and theft, or both burglary and theft. But nothing indicates that the voters wanted to prevent the jury from considering whether a defendant committed petty theft when the evidence would support a finding that the defendant committed petty theft but *not* shoplifting. If the jury were precluded from considering petty theft as an uncharged lesser included offense of shoplifting, prosecutors would be left with no way to avoid the unintended consequence that a defendant who commits theft may escape criminal liability simply because the jury entertains a reasonable doubt about one of shoplifting's elements. Although Proposition 47 was intended to *reduce* penalties for "nonserious, nonviolent crimes like petty theft," nothing suggests that the measure was intended to *eliminate* the penalties altogether. (*Gonzales, supra*, 2 Cal.5th at p. 870, quoting Voter Information Guide, text of Prop. 47, § 3, subd. (3), p. 70; see §§ 459.5(a) ["Any other entry into a commercial establishment with intent to commit larceny is burglary."]; 490.2, subd. (a) ["[O]btaining any property by theft where the value of the . . . property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," unless the defendant has a

specified prior conviction.].)  Additionally, barring the jury from considering petty theft as an uncharged lesser included offense of shoplifting would "impair the jury's truth-ascertainment function."  (*People v. Barton* (1995) 12 Cal.4th 186, 196.)  As we have explained, the purpose of the rule requiring courts to instruct juries on necessarily included offenses is "to assure, in the interest of justice, the most accurate possible verdict encompassed by the charge and supported by the evidence." (*People v. Breverman* (1998) 19 Cal.4th 142, 161.)  " '[T]he rule prevents either party, whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other.' " (*People v. Smith*, *supra*, 57 Cal.4th at p. 239, quoting *People v. Birks* (1998) 19 Cal.4th 108, 119.)

Finally, when construing voter initiatives, we presume the voters were "aware of existing laws and the judicial construction thereof."  (*In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11.) Therefore, we presume Proposition 47's voters were aware of the principles discussed above that would permit a defendant charged with shoplifting to be convicted of an uncharged lesser included offense of petty theft when the evidence would support a finding that defendant committed petty theft but not shoplifting.

## C.  Charging Theft Instead of Shoplifting

Next, we turn to the Attorney General's argument that the prosecutor could have responded to an objection by amending the information to charge solely theft.

The Attorney General does not dispute that section 459.5(b)'s first directive—"[a]ny act of shoplifting . . . shall be charged as shoplifting"—prohibits a prosecutor from charging

theft of the same property when the evidence is "clear" that defendant's conduct constitutes an "act of shoplifting." But when the evidence is "ambiguous," he argues that a prosecutor may charge theft if there is "probable cause to believe [a defendant] committed *only* theft." Under his reasoning, had defendant's trial counsel objected to the charges, the prosecutor could have responded by amending the information to charge solely theft, which would have led to the same theft conviction. In defendant's view, a prosecutor's initial discretion to charge shoplifting or theft "can be given meaningful deference," but once a prosecutor has charged shoplifting, section 459.5(b) generally prohibits her from amending the accusatory pleading to substitute a theft charge for the original shoplifting charge. And while there may be some cases where section 459.5(b) would permit such an amendment—for example, if a defendant charged with shoplifting later testified that he formed the intent to steal *after* entering a commercial establishment—this is not one of them. Therefore, defendant argues, had his trial counsel objected to the charges, the prosecutor could *not* have pursued the theft charge only, and the result would have been a hung jury on the original shoplifting charge.

As the Attorney General observed in the court below, " '[S]ection 459.5 presumes that it will be clear whether a defendant's conduct constitutes shoplifting or not, before the prosecutor makes the charging decision.' " (*Lopez, supra*, 26 Cal.App.5th at p. 389.) But this presumption does not apply universally, as the facts of this case demonstrate. If defendant possessed the intent to commit theft upon entering the Walmart store, he committed both shoplifting and petty theft; if he formed the intent once inside, he committed petty theft only. Consider another example: a defendant enters a pawn shop with the

intent to commit theft and steals a diamond ring with an undetermined value. If the ring is worth $950 or less, the defendant committed shoplifting and petty theft; but if the ring is worth more than $950, he committed second degree burglary and grand theft. (See § 487, subd. (a) [grand theft].) In our system, only the factfinder—the jury or the court, if a jury trial is waived—can make the determination that a defendant has committed the criminal offense of shoplifting, but the factfinder may do so *only if* the prosecutor charged shoplifting in the first place. Consequently, in cases where it is unclear at the time of charging whether defendant committed an "act of shoplifting," section 459.5(b)'s first directive is ambiguous.

Once again, Proposition 47's voters likely intended section 459.5(b)'s charging directives to prevent prosecutors from circumventing their determination that shoplifting conduct deserves a single misdemeanor conviction by charging and convicting such conduct as felony burglary, felony theft, both shoplifting and theft, or both burglary and theft. Therefore, we presume the voters generally would have preferred prosecutors to charge shoplifting instead of burglary or theft when a defendant may have committed shoplifting. That way, the jury generally will have the opportunity to decide whether a defendant actually committed an "act of shoplifting" and, if so, the defendant will be convicted of shoplifting only.

Accordingly, we conclude that, as a general rule, section 459.5(b) prohibits a prosecutor from charging burglary or theft instead of shoplifting when there is probable cause that a defendant has committed shoplifting of the same property. Therefore, in the common situation where a defendant is apprehended leaving a store with unpurchased merchandise worth $950 or less, the prosecutor may charge shoplifting only—

even though there would also be probable cause to support a charge of petty theft. As we stated in *Gonzales, supra*, 2 Cal.5th 858, at page 876, "A defendant must be charged only with shoplifting *when the statute applies*. [Section 459.5] expressly prohibits alternate charging and ensures only misdemeanor treatment for the underlying described conduct." (Italics added.)

We also agree with the Attorney General, however, that there are exceptions to this general rule. Even when there is probable cause that a defendant has committed shoplifting, section 459.5(b) does not prevent a prosecutor from charging burglary or theft *instead of* shoplifting—initially, or in an amendment to the accusatory pleading within the constraints of section 1009—if the prosecutor can articulate a theory supported by the evidence under which the defendant would be guilty of the charged offense but *not* shoplifting.[9] In these cases, section 459.5(b)'s prohibition on "alternate charging" does not apply. (*Gonzales, supra*, 2 Cal.5th at p. 896.)

To illustrate these points, we use the facts of this case. The asset protection officer observed defendant place items into

---

[9] As is relevant here, section 1009 provides: "An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination. A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, except that separate counts may be added which might properly have been joined in the original complaint." We also observe that after a defendant has pleaded not guilty, the prosecutor may not amend a *complaint* to include prior conviction allegations in an attempt to convert a misdemeanor trial into a felony trial. (See §§ 682, 737, 969a, 969.5, 1009; see also Cal. Const. art. IV, § 5, subd. (e).)

an empty Walmart plastic bag within his shopping cart and exit the store without paying for them. Defendant then admitted that he had not paid for the items, and the asset protection officer determined their combined value to be $496.37. Although these facts constitute probable cause that defendant committed both shoplifting and petty theft, section 459.5(b)'s general rule—that a prosecutor may charge only shoplifting when there is probable cause that the defendant has committed shoplifting—would have prohibited the prosecutor from charging defendant with petty theft based on this evidence. Now, consider the added facts that defendant later told the police that he had gone to Walmart with no intention of stealing anything and only decided to take the items once he was inside the store. Because these facts would support a theory that defendant committed petty theft but *not* shoplifting—that defendant stole items but that he did *not* have the intent to steal the items when he entered the store—section 459.5(b) would *not* have prevented the prosecutor from charging defendant with petty theft instead of shoplifting based on all the evidence.[10]

Although Proposition 47's voters intended to limit prosecutorial charging discretion, we do not believe they wanted to require a prosecutor to charge shoplifting instead of burglary or theft when the evidence would support a theory that defendant committed burglary or theft but *not* shoplifting. As

---

[10] Even within this exception to section 459.5(b)'s general rule that a prosecutor may charge only shoplifting when there is probable cause that the defendant has committed shoplifting, however, section 459.5(b) only allows the prosecutor to charge theft *instead of* shoplifting, not *in addition to* shoplifting. (See *ante* pp. 11–12.)

mentioned above, the voters made a determination that shoplifting conduct (without any of the specified prior convictions) deserves a single misdemeanor conviction; but they also made clear that "[a]ny other entry into a commercial establishment with intent to commit larceny" remains punishable as wobbler second degree burglary (§ 459.5(b)), and that "obtaining any property by theft where the value of the . . . property taken does not exceed nine hundred fifty dollars ($950)" is punishable as misdemeanor petty theft (§ 490.2, subd. (a)).

A contrary rule—one that would require a prosecutor to charge shoplifting instead of burglary or theft in these situations—raises ethical concerns and constitutional doubts. As the Attorney General emphasizes, a prosecutor has a duty "to charge only those offenses she believes she can prove beyond a reasonable doubt." (See *People v. Catlin* (2001) 26 Cal.4th 81, 109, quoting *People v. Dunn–Gonzalez* (1996) 47 Cal.App.4th 899, 914–915 ["A prosecutor abides by elementary standards of fair play and decency by refusing to seek indictments until he or she is completely satisfied the defendant should be prosecuted and the office of the prosecutor will be able to promptly establish guilt beyond a reasonable doubt."].) And, as we have recognized, "[P]rosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring. [Citations.] This prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from ' "the complex considerations necessary for the effective and efficient administration of law enforcement." ' [Citations.] The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and

23

generally is not subject to supervision by the judicial branch. [Citations.]" (*People v. Birks, supra*, 19 Cal.4th at p. 134; see Cal. Const., art. III, § 3; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 509 [" 'If a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional in whole or in part, or raise serious and doubtful constitutional questions, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, or free from doubt as to its constitutionality . . . .' "].) When it is clear that a defendant committed criminal conduct but unclear whether that conduct constituted shoplifting, forcing the prosecutor to choose between no charge and a shoplifting charge that she does not believe she can prove beyond a reasonable doubt would be a troublesome intrusion upon a prosecutor's authority and responsibility to make appropriate charging determinations on behalf of the People. (See Gov. Code, §§ 26500, 26501.)

As we explain below, our interpretation of the statutory scheme is faithful to the voters' intent that an act of shoplifting deserves a single misdemeanor conviction whenever a defendant does not have any of the prior convictions specified in Proposition 47.

The general rule—that a prosecutor may charge only shoplifting when there is probable cause that the defendant has committed shoplifting—is subject to just a few narrow exceptions. First, where there is probable cause to support charges of shoplifting *and* second degree burglary (§§ 459, 460) or grand theft (§ 487, subd. (a)), a prosecutor may charge the wobblers of second degree burglary or grand theft instead of shoplifting under a theory supported by the evidence that the

property in question is worth more than $950.  But in order to return a guilty verdict on either of these charges, the jury must *actually find* the property to be worth more than $950.  (See e.g., CALCRIM Nos. 1700, para. 3 [burglary instruction where "the evidence supports a defense theory that the crime was shoplifting"], 1801 [grand theft]; CALJIC Nos. 14.50, para. 4 [burglary instruction where "the building entered was a commercial establishment while that establishment was open for business during regular business hours"], 14.32 [grand theft].)  Likewise, where there is probable cause to support charges of shoplifting and second degree burglary, a prosecutor may charge second degree burglary instead of shoplifting under a theory supported by the evidence that the defendant did not enter a commercial establishment open during regular business hours.  But in order to return a guilty verdict on the burglary charge, the jury must *actually find* that the structure defendant entered was not a commercial establishment or that the defendant entered the commercial establishment outside of its regular business hours.  (See e.g., CALCRIM No. 1700, para. 3; CALJIC No. 14.50, para. 4.)  In these cases, the jury's determination that the defendant committed second degree burglary or grand theft effectively doubles as a determination that the defendant did *not* commit shoplifting.

Finally, where there is probable cause to support charges of shoplifting and petty theft (§§ 487, 490.2), a prosecutor may charge petty theft instead of shoplifting under a theory supported by the evidence that the defendant formed the intent to steal only after entering the commercial establishment.  But petty theft must be charged as a misdemeanor unless the

defendant has a prior conviction specified in Proposition 47.[11] (§ 490.2, subd. (a); see § 666, subds. (a), (b).)  So, even though a defendant charged with and convicted of petty theft may have *also* committed shoplifting, he may only receive a single misdemeanor conviction for such conduct, provided that he has not suffered any of the relevant prior convictions.

### III.  CONCLUSION

We agree with Court of Appeal's conclusion that defendant was charged in violation of section 459.5(b)'s prohibition on charging a person with shoplifting and theft of the same property.  (*Lopez, supra,* 26 Cal.App.5th at p. 388.)  But we disagree with the court's holding that section 459.5(b) would have permitted the prosecutor to charge defendant with shoplifting and theft in the alternative.  Otherwise, we express no view on the proper resolution of defendant's claims.

---

[11]  The decision to charge petty theft instead of shoplifting generally will not affect the severity of punishment because the list of prior convictions to charge petty theft as a felony (§§ 490.2, subd. (a), 666, subds. (a), (b)) is nearly identical to the list of prior convictions to charge shoplifting as a felony (§ 459.5(a)).  In a rare case, a defendant who does *not* have any of the prior convictions to charge shoplifting as a felony under section 459.5(a) may have the prior convictions and the prior term in a penal institution to charge petty theft with priors as a felony under section 666.  Because Proposition 47 amended section 666's list of qualifying prior convictions to include some offenses not listed in section 459.5(a), however, this is a consequence that the voters could have contemplated. (See *ante,* pp. 6–7, fn. 4; Voter Information Guide, text of Prop. 47, § 10, p. 72; see *id.* at §§ 5, 8, pp. 71, 72.)

For the foregoing reasons, we reverse the judgment of the Court of Appeal and remand for further proceedings consistent with our opinion.

**CHIN, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Lopez

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 26 Cal.App.5th 382
**Rehearing Granted**

_____

**Opinion No.** S250829
**Date Filed:** April 30, 2020

_____

**Court:** Superior
**County:** Tulare
**Judge:** Kathryn T. Montejano

_____

**Counsel:**

Caitlin M. Plummer, under appointment by the Supreme Court, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall, F. Matt Chen, Kathleen A. McKenna and Rachelle A. Newcomb, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Caitlin Plummer
Law Office of Lichstein & Plummer
2852 Willamette St., #164
Eugene OR 97405
(541) 505-7895

F. Matt Chen
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550
(916) 210-7768