Filed 6/9/26  P. v. McDowell CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM SCOTT McDOWELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B342468<br>(Super. Ct. No. 2023023183)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 19, 2026, be modified as follows:

1.  The paragraph commencing at the bottom of page 7 with "Based on this evidence . . ." and ending at the top of page 8 with "we need not discuss harmless error," the last sentence beginning "Because there was substantial evidence . . ." is removed and the following is inserted in its place:

Because there was no substantial evidence that Hahn was

not in sustained fear (*People v. Souza* (2012) 54 Cal.4th 90, 116), the trial court did not err by declining to give the lesser included instruction.  Moreover, any error is harmless beyond a reasonable doubt given the strong evidence the People presented.

There is no change in judgment.
Appellant's petition for rehearing is denied.

_____

YEGAN, Acting P. J.      BALTODANO, J.      CODY, J.

Filed 5/19/26  P. v. McDowell CA2/6 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>WILLAM SCOTT McDOWELL,<br><br>　　Defendant and Appellant. | 2d Crim. No. B342468<br>(Super. Ct. No. 2023023183)<br>(Ventura County) |

Willam Scott McDowell appeals a judgment following his convictions for two counts of criminal threats (Pen. Code, § 422, subd. (a); counts 1 and 3) and possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 4).  As to counts 1 and 3, the jury found true that McDowell personally used a firearm (Pen. Code, § 12022.5, subd. (a)(1)).  The trial court placed McDowell on three years' probation.

McDowell contends the trial court erred by not instructing the jury on the lesser included offenses of simple possession of

methamphetamine for count 4 and attempted criminal threats for count 1.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In September 2023, Martin Hahn was renting a home at property located in Santa Paula.  McDowell is the son of the owners of this property.  He was living in one house on the property, his parents lived in "the main house," and Hahn lived in another house on the property.

Hahn came home from work one evening.  He got out of his car, and could hear McDowell on his property located up on the hill "doing a lot of yelling."  McDowell was "a few hundred feet" away from Hahn.  He was yelling for 15 to 20 minutes.  Hahn did not know what McDowell was yelling about and decided to do some work on the outside of his house in the driveway.

McDowell came "down the hill" and continued to yell.  He was on a "dirt bike" as he approached Hahn's house.  Hahn became concerned because McDowell was swearing and yelling Hahn's name.  McDowell told Hahn that he "need[ed] to F'ing go," "needed to fucking get out of here," and that he knew "what you're fucking up to."  Neighbors described McDowell as "very agitated, very upset, not his normal self," "angry," and "a bit out of control."

Hahn then approached the property line separating his and McDowell's houses.  He tried to talk to McDowell for "20 or 30 seconds."  Hahn asked him, "Why are you so upset?"  McDowell said he "knows what" Hahn is "up to" and told him that he "needed to leave."  McDowell said you "need to fucking get out of here."  Hahn had "no idea what he was talking about."

McDowell then lifted his shirt, put his hand on a "revolver" located inside a holster, and "pulled it out just a little bit."  Hahn

"recognized it was a revolver" within "less than a second." McDowell's hand was on the "grip" and his "body language was aggressive." Hahn then "quickly" left in a lateral direction "to be a harder target . . . because [he] didn't want to get shot." Hahn was "frightened," retreated to his house, and told his neighbors to "stay inside."

Once inside his house, but still concerned for his safety, Hahn "grabbed a firearm," checked to make sure McDowell was gone, and went down to the main house to speak to McDowell's parents. He testified, "I thought maybe he might pursue me because he seemed to be very agitated at me specifically because he was using my name and telling me I should leave and he had a firearm." While speaking to McDowell's mother, Hahn "heard a gunshot." Shortly thereafter, Hahn called 911.

At the preliminary hearing, Hahn testified that he "responded out of . . . action, not out of fear." When asked why he said that when he testified at trial, Hahn responded, "I said that because I think that's what men say initially. I also said that because part of it is training. You respond. You . . . act and you move. But in hindsight, I thought about it, why did I go arm myself? Why did I do that? And I did that because I was fearful."

Sheriff deputy Kenneth Ledesma responded to a report of a person "shooting a firearm into the air in a rural area of Santa Paula." A team of officers spotted McDowell on a hill. They asked him to come down "from the hill and surrender." As the officers approached McDowell, they noticed that he possessed a firearm and was "acting bizarre." McDowell dismounted from his "motorcycle" and surrendered. He put the firearm down, "got on the ground," and was placed in handcuffs. Officers found a methamphetamine pipe on his person. Ledesma believed the

3

pipe contained a usable amount of methamphetamine. But the substance inside the pipe had not been tested.

Another officer seized McDowell's firearm, confirmed that it was operable, and verified that it was loaded with ammunition and contained one spent shell casing.

McDowell was wearing overalls when he was initially detained. Underneath the overalls he wore pants. He later removed the overalls. McDowell was transported to the Ventura County jail. Deputies searched him there and found a bag of methamphetamine in his left pants pocket. McDowell told the deputies, "I didn't know I had that." He said, "I put these pants on outside my house. That's a motherfucker. God damn it."

The jury convicted McDowell of the charged offenses of criminal threats against Hahn (Pen. Code, § 422, subd. (a)), criminal threats against another victim (*ibid.*), and possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)).[1] The jury also found true accompanying personal firearm use allegations on counts 1 and 3. The jury was not instructed on any lesser included offenses.

## DISCUSSION

### *Lesser included offense of simple possession*

McDowell contends the trial court erred when it failed to instruct the jury on simple possession of methamphetamine because there was no evidence he possessed a firearm and methamphetamine at the same time. We are not persuaded.

"A trial court has a sua sponte duty to instruct the jury on any uncharged lesser offense that is necessarily included in a

---

[1] After the prosecution's case in chief, the trial court partially granted the defense motion and dismissed counts 2 and 5. (Pen. Code, § 1118.1.)

4

charged offense if there is substantial evidence from which the jury could reasonably conclude that the defendant committed the lesser included offense but not the charged offense." (*People* v. *Lopez* (2020) 9 Cal.5th 254, 269.) But a trial court is not required to instruct on a lesser included offense "in the absence of substantial evidence" that the defendant committed only the lesser offense. (*People v. Benavides* (2005) 35 Cal.4th 69, 102.) Our instructional error review is de novo. (*People v. Nelson* (2016) 1 Cal.5th 513, 538.)

Here, McDowell was charged with possessing methamphetamine while armed with a firearm. (Health & Saf. Code § 11370.1, subd. (a).) The statute requires proof that the defendant simultaneously possessed the controlled substance "while armed with" the firearm. (*People v. Allen* (2023) 96 Cal.App.5th 573, 580–581.) The Attorney General correctly concedes that here, simple possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) is "a lesser included offense of Health and Safety Code section 11370.1, subdivision (a)." " '[A] lesser offense is necessarily included in a greater offense if . . . *the facts actually alleged in the accusatory pleading*, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.' " (*People v. Smith* (2013) 57 Cal.4th 232, 240, italics added.)

Nevertheless, we conclude the trial court was not required to instruct on simple possession because there was no substantial evidence that McDowell committed *only* that crime. Here, there was substantial evidence that McDowell possessed a firearm and methamphetamine at the same time.

McDowell was wearing both overalls and pants at the time he was apprehended, while he was armed, and before he took the overalls off to reveal the pants underneath.  There was no change of clothes, and the deputy found the bag of methamphetamine in the same pants that McDowell had been wearing underneath his overalls.  During closing argument McDowell's counsel conceded "*no evidence* came in about changing clothes." (Italics added.)  And because McDowell was handcuffed and taken directly to jail, a reasonable inference is that there was no opportunity for McDowell to have changed his clothes.  We do not redetermine the credibility of witnesses, reweigh the evidence, or substitute different reasonable inferences for those drawn by the trier of fact.  (*People v. Thomas* (2023) 14 Cal.5th 327, 377–378.)

In our view, McDowell has only presented speculation which is insufficient to support a lesser included offense instruction.  (*People v. Wyatt* (2012) 55 Cal.4th 694, 704.)  Because substantial evidence supports McDowell's conviction, we need not discuss harmless error.

*Lesser included offense of attempted criminal threat*

McDowell also contends the trial court erred by not instructing on attempted criminal threat because Hahn was not in sustained fear.  We disagree.

Where a defendant intentionally makes a credible threat of violence to a victim who is in sustained fear because of that threat, the defendant may be convicted of making criminal threats.  (Pen. Code, § 422.)  But where the victim is not in sustained fear, the crime is the lesser included offense of attempted criminal threat.  (*People v. Chandler* (2014) 60 Cal.4th 508, 515; *In re Sylvester C.* (2006) 137 Cal.App.4th 601, 607.)  Sustained fear " 'means a period of time that extends beyond

what is momentary, fleeting or transitory.' " (*People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349.)  Whether a victim was in sustained fear is based on the totality of the circumstances. (*People v. Culbert* (2013) 218 Cal.App.4th 184, 190.)

McDowell contends that Hahn's preliminary hearing testimony that he "acted out of action, not fear" amounts to insufficient evidence of sustained fear.  We are not persuaded. " 'Fear' may be inferred from the circumstances despite even superficially *contrary* testimony of the victim." (*People v. Iniguez* (1994) 7 Cal.4th 847, 857.)  "[F]ew objects are as inherently threatening as a firearm . . . ." (*People v. Culbert, supra,* 218 Cal.App.4th at p. 190.)

Here, substantial evidence supports that Hahn was in sustained fear based on McDowell's possession and use of the firearm.  McDowell appeared "aggressive" and had been yelling and cursing at Hahn, and then placed his hand on an object that Hahn immediately recognized was a firearm.  Hahn "ducked" and immediately retreated from the scene and made evasive movements while fleeing to avoid "being shot."  He then armed himself, warned his neighbors, and heard a "gunshot."  The jury found true that McDowell had personally used a firearm when he made criminal threats against Hahn.

Based on this evidence, the jury could reasonably conclude that Hahn was in sustained fear notwithstanding his preliminary hearing testimony.  Weighing and assessing witness credibility, including resolving conflicts in testimony, is for the jury to resolve. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)  We neither reweigh the evidence nor reevaluate a witness's credibility. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)  Had jurors believed Hahn was not in sustained fear because of his

preliminary hearing testimony, McDowell would have been acquitted.  Because there was substantial evidence that Hahn was in sustained fear, we need not discuss harmless error.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.

We concur:


YEGAN, Acting P. J.


CODY, J.

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

Keilana Truong, under appointment by the Court of
Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Scott A. Taryle, Deputy Attorney General, for
Plaintiff and Respondent.