Filed 9/1/22  P. v. Gary CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES GARY,<br><br>    Defendant and Appellant. | G060766<br><br>(Super. Ct. No. 18CF2725)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Reversed in part and remanded for resentencing.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant James Gary grabbed a female victim off a sidewalk, forcibly dragged her to a nearby concealed location, and committed sex offenses against her. A jury convicted Gary of kidnapping for the purpose of committing rape, sexual penetration by force, attempted forcible rape, attempted forcible oral copulation, and sexual battery. The trial court imposed a total aggregate sentence of 158 years to life.

Gary contends the attempted forcible rape conviction must be reversed because it is necessarily included in the crime of kidnapping for the purpose of rape. We agree. Gary also contends numerous sentencing errors, some of them due to recent changes in the law. (See, e.g., Pen. Code, § 654.)[1] Finally, Gary contends there were some errors in the abstract of judgment regarding fines and fees.

We reverse the judgment in part (the attempted forcible rape conviction). This will necessitate a remand for resentencing; therefore, we need not address Gary's remaining contentions. In all other regards, the judgment is affirmed.


I

FACTS AND PROCEDURAL HISTORY

The victim was walking in the Civic Center area of Santa Ana at around dusk. The victim was five feet, three inches tall and weighed about 108 pounds. Gary approached the victim from behind and grabbed her by the neck. Gary was just over six feet tall and weighed about 240 to 250 pounds. Gary covered the victim's mouth and nose and yanked her off the sidewalk. Gary dragged the victim about 41 feet to a ramp near the entrance of a nearby government building. The location was not easily visible to passersby on the street.

Gary pulled down the victim's pants, exposing her vagina and buttocks. Gary pulled down his pants, exposing his penis. Gary pushed down the back of the

---

[1] Further undesignated statutory references are to the Penal Code.

2

victim's head toward his penis. The victim resisted by turning her head away and pushing him. The victim felt Gary's penis on her vagina, but Gary was unable to get an erection and penetrate her. Gary inserted two of his fingers into the victim's vagina as she resisted. Gary touched the victim's breasts with his hands.

A jury found Gary guilty of kidnapping for the purpose of committing forcible rape, sexual (digital) penetration by force, attempted forcible rape, attempted forcible oral copulation, and sexual battery. The jury found true a "One Strike" sentencing allegation as to the digital penetration by force count (the kidnapping substantially increased the risk of harm to the victim).[2]

The trial court found true three prior strike convictions and two prior serious felony convictions. The court imposed a total aggregate sentence of 158 years to life, with various fines and fees.

II

DISCUSSION

Gary contends the attempted rape conviction must be reversed because it is a lesser included offense of kidnapping for the purpose of committing rape. We agree.

This is a pure question of law, so our review is de novo. (*People v. Ortega* (2015) 240 Cal.App.4th 956, 965 ["In determining whether an offense is a lesser included offense, we apply a de novo standard of review"].)

A defendant cannot be convicted of two offenses arising from a single criminal act when one is a lesser offense necessarily included in a greater offense. (*People v. Montoya* (2004) 33 Cal.4th 1031, 1033.) If a defendant is convicted of two offenses, one of which is a lesser included offense of the other, then the lesser included offense must be reversed. (*People v. Lopez* (2020 9 Cal.5th 254, 270, citing *People v.*

---

[2] Our reversal of the attempted forcible rape conviction does not affect or obviate the "One Strike" sentencing allegation. (See § 667.61, subds. (a) & (d)(2).)

3

*Moran* (1970) 1 Cal.3d 755, 763 ["If the evidence supports the verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed"].)

There are two tests to determine whether a lesser offense is necessarily included within a greater "offense: the 'elements' test and the 'accusatory pleading' test. Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227-1228; *People v. Ramirez* (2009) 45 Cal.4th 980, 984-985 ["if a crime cannot be committed without also committing a lesser offense, the latter is a necessarily included offense"].)

However, "the accusatory pleading test does not apply in deciding whether multiple conviction of charged offenses is proper." (*People v. Reed*, *supra*, 38 Cal.4th at p. 1229 ["The accusatory pleading test arose to ensure that defendants receive notice before they can be convicted of an uncharged crime"].) "In deciding whether multiple conviction is proper, a court should consider only the statutory elements." (*Ibid*.)

The statutory elements of the crime of kidnapping for the purpose of rape are: "1. The defendant intended to commit rape; [¶] 2. Acting with that intent, the defendant took, held, or detained another person by using force or by instilling fear; [¶] 3. Using that force or fear, the defendant moved the other person [or made the other person move] a substantial distance; [¶] 4. The other person was moved or made to move a distance beyond that merely incidental to the commission of rape; [¶] 5. When that movement began, the defendant already intended to commit rape; [¶] 6. The other person did not consent to the movement; [¶] AND [¶] 7. The defendant did not actually and reasonably believe that the other person consented to the movement." (CALCRIM No. 1203; § 209, subd. (b)(1); *People v. Robertson* (2012) 208 Cal.App.4th 965, 982.)

4

The statutory elements of the crime of attempted forcible rape involve two statutes: the forcible rape statute, and the attempt statute. (§§ 261, subd (a)(2), 664.)

"Forcible rape is a general intent crime involving an act of sexual intercourse accomplished against the victim's will by means of force or fear. (§ 261, subd. (a)(2).) An attempt to commit rape has two elements (see § 664): the specific intent to commit rape, and a direct but ineffectual act done towards its commission. [Citation.] Such act cannot be merely preparatory, and must constitute direct movement towards completion of the crime. [Citation.] However, attempted rape does not necessarily require a physical sexual assault or other sexually '"unambiguous[]"' contact." (*People v. DePriest* (2007) 42 Cal.4th 1, 48; e.g., *People v. Carpenter* (1997) 15 Cal.4th 312, 387 [a defendant who pointed a gun at a victim and threatened rape committed a direct but ineffectual act of attempted rape].)

Here, based on the statutory elements, a defendant cannot commit the crime of kidnapping for the purposes of rape (an intent to commit rape plus a direct movement toward completion of the crime), without also committing the crime of attempted rape (an intent to commit rape plus a direct act towards completion of the crime). Further, both crimes (kidnapping for the purposes of rape and attempted forcible rape) include the element of force or fear. (§§ 209, subd. (b)(1), 261, subd. (a)(2).)

Thus, we reverse Gary's conviction for the lesser included offense of attempted forcible rape under the statutory elements test.

The Attorney General does not challenge the proposition that attempted forcible rape is necessarily included in the crime of kidnapping for the purpose of rape.

The Attorney General contends: "Assuming arguendo, that a comparison of the elements of attempted rape and the elements of kidnapping for the purpose of rape suggests that attempted rape is a lesser included offense of kidnapping for the purpose of rape, the record here shows that when appellant attempted to rape the victim, he engaged in acts that were divisible and separate from his acts in kidnapping the victim for the

5

purpose of rape. The conviction of attempted rape was based on appellant's act of attempting to insert his penis in the victim's vagina. [Citation.] In contrast, the conviction of kidnapping for the purpose rape was based on appellant's conduct before he tried to achieve penetration: his act of grabbing the victim from behind while she was walking down the street; his act of putting his arm around her neck and his hand over her mouth while he dragged her 40 feet . . . ."

But under the statutory elements test, courts look strictly to the statutory elements, not to the facts of a particular case. (See *People v. Ramirez*, *supra*, 45 Cal.4th at p. 985.) That is, courts only consider in the abstract whether one offense is included in the other: "In answering that question, we do not consider the underlying facts of the case or the language of the accusatory pleading." (*People v. Sanders* (2012) 55 Cal.4th 731, 739.) In short, the Attorney General's argument does not alter our analysis.

Finally, this matter must be remanded for resentencing, so we need not address Gary's remaining contentions regarding alleged sentencing errors. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].) On remand, we presume the court will follow all applicable current laws and accurately complete the abstract of judgment. (See Evid. Code, § 664.)

III

DISPOSITION

The attempted forcible rape conviction is reversed.  On remand, the trial court is directed to conduct a new sentencing hearing and to prepare an amended abstract of judgment.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.