Filed 10/17/25  P. v. Joseph CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100860 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE022501) |
| v. | |
| OCTAVIAN TEJON JOSEPH, | |
| Defendant and Appellant. | |

A jury found defendant Octavian Tejon Joseph guilty of 18 offenses, including two kidnappings to commit rape, occurring during the sexual assaults of five victims. The jury also found true a multiple victim "One Strike" special circumstance allegation (Pen. Code,[1] § 667.61, subd. (e)(4)), and the trial court sentenced defendant to 225 years to life plus four years in prison.  On appeal, defendant contends the trial court twice

---

[1]     Further undesignated section references are to the Penal Code.

1

committed instructional error, his conviction for attempted rape must be reversed because it is a lesser included offense of his conviction for kidnapping to commit rape, and he was provided insufficient notice of the One Strike sentences he received. We agree attempted rape is a lesser included offense of kidnapping to commit rape and reverse that conviction. The judgment is otherwise affirmed.

DISCUSSION[2]

I

*CALCRIM No. 1191B Does Not Violate Due Process*

The trial court instructed the jury with CALCRIM No. 1191B, which provided: "If the [prosecution has] proved beyond a reasonable doubt that the defendant committed one or more of [the charged] crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other sex offenses charged in this case. [¶] If you find that defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another crime. The [prosecution] must still prove each charge beyond a reasonable doubt."

Defendant contends the trial court violated his due process rights by instructing with the above language because the instruction lessens the prosecution's burden of proof. (CALCRIM No. 1191B.) He acknowledges that, because we must follow the decisions of our Supreme Court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), this argument is foreclosed by *People v. Villatoro* (2012) 54 Cal.4th 1152. However, he presents the argument to us so he can urge our Supreme Court to

---

**2**     We will detail the relevant facts of defendant's case in the Discussion section for which the facts are pertinent.

2

reconsider *Villatoro*.  And he contends we should consider the argument even though he did not raise it in the trial court, because it would have been futile to raise it there.  (See *People v. Perez* (2020) 9 Cal.5th 1, 14 ["if objection would be futile under current precedent, counsel is not obligated to object on pain of forfeiture"].)

In *Villatoro*, our Supreme Court held evidence that a particular criminal defendant has a propensity to commit sexual offenses may be considered by the trier of fact and such evidence may result from finding the defendant committed a sexual offense charged in the same prosecution as other sexual offenses on which the trier of fact is deciding the defendant's guilt.  (*People v. Villatoro*, *supra*, 54 Cal.4th at p. 1164.)  Thus, the trial court here correctly instructed the jury that if it found beyond a reasonable doubt that defendant unlawfully committed at least one of the crimes charged, it could conclude from that evidence that defendant was likely to commit and did commit the other sexual offenses charged in this case.  (See *People v. Ramirez* (2023) 98 Cal.App.5th 175, 222.)

II

*CALCRIM No. 1190 Does Not Violate Due Process*

The trial court instructed the jury with CALCRIM No. 1190, which provided: "Conviction of a sexual assault crime may be based on the testimony of a complaining witness alone."  The trial court also instructed the jury with CALCRIM No. 301, which provided:  "The testimony of only one witness can prove any fact.  Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence."

Defendant argues it was improper to instruct the jury with CALCRIM No. 1190, especially in conjunction with CALCRIM No. 301, because doing so lightened the prosecution's burden of proof by signaling to the jury that the victims' testimony did not need to be scrutinized as closely as other evidence.  He acknowledges he failed to object to the instruction at trial and that our Supreme Court approved similar instructions in *People v. Gammage* (1992) 2 Cal.4th 693.  Nevertheless, he asks us to address the issue

and reverse his convictions, arguing that our Supreme Court's decision was wrongly decided and is no longer justified.

Even if defendant's claim is not forfeited, we cannot ignore controlling case law. (*Auto Equity Sales, Inc. v. Superior Court*, *supra*, 57 Cal.2d at p. 455.) In *Gammage*, our Supreme Court considered CALJIC instructions that were substantially similar to the instructions at issue here. (*People v. Gammage*, *supra*, 2 Cal.4th at pp. 696-697.) The defendant argued that giving both instructions created a preferential credibility standard for the complaining witness. (*Ibid*.) Our Supreme Court disagreed, reasoning that while the two instructions "overlap[ped] to some extent, each ha[d] a different focus." (*Id*. at pp. 700-701.) The instruction analogous to CALCRIM No. 301 addressed how the jury should evaluate a fact required to be established by the prosecution that is proved solely by the testimony of a single witness, and "merely suggest[ed] careful review when a fact depends on the testimony of one witness." (*Gammage*, at pp. 700-701.) The instruction comparable to CALCRIM No. 1190 declared, as a substantive matter, that the testimony of the complaining witness need not be corroborated. (*Gammage*, at p. 701.) "The instructions in combination are no less correct, and no less fair to both sides, than either is individually." (*Ibid*.)

The same reasoning applies here. CALCRIM No. 301 provided that the testimony of a single witness is sufficient to prove any fact but cautions the jury to carefully review all the evidence. Similarly, CALCRIM No. 1190 provides that a conviction for a sexual assault offense may be based on the testimony of a single witness—the victim. It does not override the instruction to consider all the evidence, nor does it grant the victim's testimony any special deference. There was no error.

## III

*Defendant's Conviction For Attempted Rape Must Be Reversed*

Defendant was convicted in counts six through nine of conduct committed against one victim. These convictions included one count of kidnapping to commit rape, two

4

counts of forced oral copulation, and one count of attempted rape. These acts occurred during a single event when defendant drove the victim away from her home in his car while forcing her to orally copulate him over the course of three hours. At one point, defendant pulled the car over and attempted to rape the victim.

Defendant contends he cannot be convicted of both kidnapping to commit rape and attempted rape based on these facts because attempted rape is a lesser included offense of kidnapping to commit rape. The People agree, as do we.

"The law prohibits simultaneous convictions for both a greater offense and a lesser offense necessarily included within it, when based on the same conduct." (*People v. Milward* (2011) 52 Cal.4th 580, 589.) "If the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) Courts consider in the abstract whether one offense is included in the other. (*People v. Ramirez* (2009) 45 Cal.4th 980, 985.) "In answering that question, [courts] do not consider the underlying facts of the case or the language of the accusatory pleading." (*People v. Sanders* (2012) 55 Cal.4th 731, 739.)

The statutory elements of kidnapping to commit rape include, among others: (1) The defendant intended to commit rape; (2) "[a]cting with that intent, the defendant took, held, or detained another person"; and (3) the defendant used force or fear. (CALCRIM No. 1203; see § 209, subd. (b)(1); *People v. Robertson* (2012) 208 Cal.App.4th 965, 983-984.) These are the elements of attempted rape. (*People v. DePriest* (2007) 42 Cal.4th 1, 48 [attempted rape is "the specific intent to commit rape, and a direct but ineffectual act done towards its commission"]; see *People v. Carpenter* (1997) 15 Cal.4th 312, 387 [a defendant who pointed a gun at a victim and threatened rape committed a direct but ineffectual act of attempted rape].) Further, both crimes— kidnapping to commit rape and attempted forcible rape—include the element of force or fear. (§§ 209, subd. (b)(1), 261, subd. (a)(2); see § 207, subd. (a).) Defendant's

5

conviction for attempted rape must therefore be reversed. (See *People v. Lopez* (2020) 9 Cal.5th 254, 270.)

## IV

### *The Trial Court Properly Sentenced Defendant Pursuant*
### *To The One Strike Sentencing Scheme*

Defendant contends the One Strike sentences must be reversed because the special circumstances supporting the terms were not properly pled and proven. We disagree.

### A

### *Background*

The operative information filed November 7, 2023, alleged generally that defendant "has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim, within the meaning of . . . [s]ection 667.61[, subdivision ](e)(4)" and that he "kidnapped the victim as alleged in [c]ounts [s]ix and [e]ighteen" within the meaning of section 667.61, subdivisions (e)(1) and (d)(2). Defendant was convicted of forcible oral copulation and/or forcible rape of five adult women, two of whom the jury found in counts six and eighteen that defendant kidnapped to commit these crimes. The jury also found true that defendant committed "rape and/or forcible oral copulation against more than one victim" under subdivision (e)(4). In connection with the kidnapping to commit rape convictions, the jury found the kidnappings increased the risk of harm to the victims.

At the sentencing hearing, the trial court imposed One Strike sentences on all of defendant's forcible oral copulation and forcible rape convictions. A majority of these One Strike sentences were for 15 years to life, while three sentences affiliated with victims who had been kidnapped were for 25 years to life.

6

B

*The Prosecution Provided Defendant With The Required Notice*

To be subjected to any of the penalties under the One Strike law, due process requires a defendant receive sufficient notice. "[I]n addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for [the defendant's] crimes." (*People v. Mancebo* (2002) 27 Cal.4th 735, 747.) In the One Strike context, "[t]o satisfy due process, it is sufficient for an accusatory pleading to provide the defendant fair notice of the particular One Strike sentence the prosecution is seeking and of which facts it intends to prove to support that sentence." (*In re Vaquera* (2024) 15 Cal.5th 706, 720 (*Vaquera*), citing *Mancebo*, at pp. 753-754.)

In *Vaquera*, our Supreme Court invalidated on due process grounds an enhanced 25-year-to-life sentence imposed under the One Strike law because the pleading alleged the defendant was subject only to the statute's general 15-year-to-life sentence. (*Vaquera*, *supra*, 15 Cal.5th at pp. 715, 724, 728.) Our Supreme Court concluded the information failed to provide the defendant fair notice of the prosecution's intent to seek the more stringent 25-year-to-life sentence and the factual basis on which it sought that sentence. (*Id*. at pp. 723-725.) In doing so, our Supreme Court outlined several examples that would provide sufficient notice of the 25-year-to-life sentence under section 667.61, subdivision (j)(2). Specifically, "the prosecution could have briefly alleged in the One Strike law allegation the factual circumstances on which it was relying ([the defendant] having been convicted in the present case of committing violations of section 288, subdivision (a) against multiple victims and the victim being under the age of 14) and cited to the One Strike law generally (§ 667.61). [Citation.] Alternatively, the prosecution could have cited to [section 667.61,] subdivision (j)(2) and referenced the charge in count 2 (§ 288, subd. (a)[], an essential element of which is that the victim was

7

under 14 years old) and the multiple victim circumstance (§ 667.61, subd. (e)(4)). Had the prosecution framed the allegation in either of these ways, due process would not have required it to expressly specify that it was seeking 25 years to life on count 2, although doing so would have rendered the pleading even clearer as to [the defendant's] sentencing exposure. Alternatively, had the prosecution specified in the One Strike allegation that it was seeking 25 years to life on count 2 and alleged the factual circumstances on which it was relying to support that sentence, that would have provided fair notice even without a citation to [section 667.61,] subdivision (j)(2)." (*Vaquera*, at p. 725, fns. omitted.) Further, "[i]f a One Strike allegation describes the specific factual circumstance based on which the prosecution seeks One Strike sentencing and cites to section 667.61, the allegation does not necessarily need to specify the sentence (i.e., '15 years to life,' '25 years to life,' or 'life without the possibility of parole') or cite to the specific subdivision of section 667.61 that provides the applicable enhanced penalty." (*Vaquera*, at p. 720.)

Defendant argues he was provided insufficient notice the prosecution sought a One Strike sentence because the One Strike allegation was not included in the operative information in connection with each count to which the prosecution sought to apply it. The People agree it was error not to include the One Stike allegation with each applicable count but argue defendant's contention is forfeited or the error harmless. We reject the People's concession and conclude the operative information provided sufficient notice to defendant that the prosecution was seeking sentencing under the One Strike law of up to 25 years to life for qualifying convictions.

The People's concession is based on *People v. Anderson* (2020) 9 Cal.5th 946. In *Anderson*, our Supreme Court dealt with the notice required before the prosecution could use a conduct enhancement to enhance the sentence of a particular conviction. (*Id*. at pp. 949-950.) In addition to potentially affecting trial strategy, our Supreme Court held that the prosecution's failure to allege enhancements to each conviction it sought to

8

enhance denied the defendant notice of the potential total sentence because it was reasonable to assume the prosecution had exercised its discretion to limit the defendant's potential sentence to what was pled. (*Id.* at pp. 956, 964.)

Unlike the conduct enhancement at issue in *Anderson*, however, *the One Strike law is a sentencing scheme applicable to all qualifying convictions.* (*People v. Carbajal* (2013) 56 Cal.4th 521, 534.) Thus, a general allegation at the end of the information providing that the prosecution seeks the defendant to be sentenced under the One Strike sentencing scheme is sufficient to provide notice the defendant will be sentenced under the One Strike sentencing scheme for qualifying convictions. The notice required in the One Strike context is that stated by our Supreme Court in *Vaquera*: "[T]o satisfy due process, an accusatory pleading must inform the defendant that the prosecution is relying on specific facts to support imposition of a particular One Strike sentence." (*Vaquera*, *supra*, 15 Cal.5th at p. 719.)

*Vaquera*'s notice requirement was satisfied here. The operative information's One Strike allegation generally provided that defendant committed offenses described in section 667.61, subdivision (c) against more than one victim (§ 667.61, subd. (e)(4)) and that he kidnapped victims of his charged offenses (§ 667.61, subds. (d)(2), (e)(1)). Reading the operative information with the statutory language, this meant defendant's charges of forcible rape and forcible oral copulation were subject to the One Strike law as those were the charged offenses listed in section 667.61, subdivision (c). (§ 667.61, subd. (c)(1), (7).) While the operative information did not notify defendant of the particular One Strike sentence the prosecution sought—25 years to life (§ 667.61, subd. (a)) or 15 years to life (§ 667.61, subd. (b))—that was not necessary because the prosecution alleged two factual circumstances (multiple victims and kidnapping) under section 667.61, subdivision (e) and one factual circumstance (kidnapping) under subdivision (d), which put defendant on notice he was subject to the 25-year-to-life provision in section 667.61, subdivision (a) for qualifying convictions. (See *Vaquera*,

9

*supra*, 15 Cal.5th at pp. 720, 725 [allegation does not need to specify the applicable sentence if it specifies the factual circumstances and cites to § 667.61].)

Still, defendant contends he was improperly sentenced to 25 years to life for the qualifying convictions related to his kidnapping victims because the jury never made findings on the verdict forms affiliated with those counts that defendant kidnapped the victim of those offenses. The People agree. Again, we disagree with the parties. As discussed, defendant had adequate notice the prosecution sought a 25-year-to-life sentence under section 667.61 for qualifying convictions based on the fact he committed crimes against multiple victims and kidnapped victims of his crimes. The jury found defendant committed crimes against multiple victims when it found true the multiple victim allegation in a separate verdict form and it found defendant kidnapped two of his victims when it found he committed kidnapping to commit rape in counts six and eighteen. The jury further found that the kidnapping increased the risk of harm to his victims. This language mirrors the language of section 667.61, subdivision (d)(2), which permits for a One Strike sentence of 25 years to life if found true. (§ 667.61, subd. (a).) Thus, the jury found the One Strike factual allegations alleged in the operative information true. The parties have not pointed to any requirement in the sentencing scheme context that the jury find these factual allegations true as to every applicable count for which the prosecution seeks it to apply. Further, once the factual circumstances are found to exist, the court is precluded from striking these findings for the purposes of sentencing under the One Strike law. (§ 667.61, subd. (g).) Accordingly, the trial court did not err by sentencing defendant to 25 years to life for the qualifying convictions affiliated with defendant's kidnapping victims and 15 years to life for defendant's other qualifying convictions.

DISPOSITION

Defendant's conviction for attempted rape is reversed. The judgment is otherwise affirmed. The matter is remanded for resentencing.


　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　ROBIE, Acting P. J.


We concur:


 /s/
MAURO, J.


 /s/
KRAUSE, J.